Per Curiam.

We hold that if in a criminal action the prosecution relies on proof of the confidential vehicle identification number of a particular motor vehicle or on confidential information as to the manner of composition or stamping of the plain-view vehicle identification number, the defendant must be allowed to cross-examine the witness in the first instance as to the location of the confidential number and in the second as to his confidential information with respect to composition and stamping.
Defendant was apprehended in possession of two stolen automobiles. After trial he was convicted on two counts of criminal possession of stolen property (Penal Law, § 165.50) and as well on two counts of wrongful possession of a motor vehicle with an altered vehicle identification number.*
On trial defendant conceded that each of the two automobiles had been stolen. His defense to the two counts of criminal possession of stolen property was based on his asserted lack of knowledge at the time that the automobiles had been stolen. We have examined defendant’s assertions of error with *102 respect to his convictions on these counts and find them to be without merit. In particular, any error in foreclosing cross-examination as to the confidentiality of vehicle identification numbering, while pertinent to the other two charges, was immaterial as to scienter, the only contested issue on these two counts in view of the concession that both automobiles had been stolen.
The only substantial issues on this appeal relate to defendant’s convictions on the two counts with respect to allegedly altered vehicle identification numbers (VIN).
A police officer who had inspected the two automobiles testified as to each that the plain-view VIN appeared to have been altered and that in any event it did not correspond with the confidential VIN which he had checked. The court directed the witness not to disclose the confidential information as to composition and stamping of VINs on which the officer had admittedly based his testimony that the two plain-view VINs appeared to have been altered. The court further directed the officer not to disclose the locations of the confidential VINs. These rulings were predicated on the overriding importance to law enforcement agencies of preserving the confidentiality of the excluded information.
Defendant argues that these rulings were erroneous and at a minimum require reversal of the convictions with respect to altered VINs. We agree in the circumstances presented in this record.
In People v Ramistella (306 NY 379) we held that it was reversible error to restrict cross-examination as to the location of confidential VINs, notwithstanding strong countervailing considerations of public policy. We adhere to that ruling, noting, however, that a defendant may not always be entitled to such a broad cross-examination. The correct rule is that if the prosecution intends to rely on testimony as to a confidential VIN, cross-examination must be unrestricted. If, on the other hand, the defendant’s conviction is based on other proof, a mere inconsequential reference to the confidential VIN may not open the door to unlimited cross-examination. Thus by way of illustration from the present case—with respect to the counts of criminal possession any restriction on the right to cross-examine as to vehicle information numbering was not error since testimony relating thereto was immaterial and not relied on for conviction.
The officer’s testimony as to the confidential VINs and the *103 fact of their noncorrespondence with the plain-view VINs, however, was highly material and of great probative worth (indeed conclusive if credited) on the counts relating to altered VINs. Thus, the court’s direction against disclosure was erroneous as to these counts.
The only other direct proof that the plain-view VINs on the two automobiles had been altered was in the testimony of the same officer that the plain-view VINs "appeared” to him to have been altered. When inquiry was made as to how he reached that conclusion he indicated that he predicated his testimony on his knowledge of confidential data with reference to the composition and stamping of VINs. At that point the trial court again directed the witness not to disclose the confidential information. Such restriction obviously materially impaired defense counsel’s right to test, minimize or destroy the officer’s testimony as to "apparent” VIN alteration. In the circumstances here, this, too, was error.
Involving as they did an impairment of defendant’s right of confrontation, these errors were of constitutional dimension. We cannot say they were harmless (People v Crimmins, 36 NY2d 230). Were the testimony as to the confidential VINs and as to "apparrent” alteration to be excised, there would remain only the flimsiest circumstantial evidence that the plain-view VINs might have been altered. There was no other direct proof on the issue.
Accordingly, the order of the Appellate Division should be modified by reversing the convictions as to wrongful possession of an altered vehicle identification number and ordering a new trial with respect to such counts.
As so modified, the order should then be affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order modified and case remitted to Supreme Court, Kings County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.

 As to these two counts, reference in this court was to Vehicle and Traffic Law (§ 422; see, however, Penal Law, § 170.70).