McCORD, Chief Judge.
This is a petition for writ of certiorari seeking review of the order granting the defendant’s Motion to Compel Discovery and requiring that the State disclose the location of the secondary vehicle identification number of certain vehicles involved in the present case.[1]
The defendant was charged with receiving stolen property — a 1975 Corvette. The vehicle was determined to be stolen only through a computer check of the secondary vehicle identification number. In pre-trial depositions, the police officers refused to disclose the location of such number. At the hearing on the Motion to Compel Discovery, the defendant argued that the location of the secondary vehicle identification number should be disclosed to verify that the number reported by the police officers was accurate.
The State urges that the location of the secondary vehicle identification number is privileged and that disclosure is not required unless materiality is shown. Gurleski v. United States, 405 F.2d 253 (5th Cir. 1968), cert. denied, 395 U.S. 977, 89 S.Ct. 2127, 23 L.Ed.2d 765 (1969); United States v. Nasse, 432 F.2d 1293 (7th Cir. 1970). Each case cited by the State involved nondisclosure of the secondary vehicle identification at trial. Further the value of such disclosure to the defense was only speculative.
While we agree that a privilege against public disclosure of the location of the secondary vehicle identification number should be recognized for public policy reasons, we consider that the trial court’s order can be modified to allow sufficient disclosure to verify that the secondary identification number supplied by the police officers is imprinted upon the vehicle; that such would protect the confidentiality of the location of the number and allow sufficient disclosure to protect the defendant’s right to identification.
The court’s order required that the location of the secondary vehicle identification number be disclosed through one of the following procedures:
(1) The State disclose to the defendant’s attorney the location of the number with the specific provision that the defendant’s attorney be enjoined from disclosing this information to the defendant.
(2) The State disclose to an official court reporter the location of the number. The court reporter was then ordered to verify its location and the number by way of a sealed transcript to the court.
We hold that provision (2), previously set forth, if modified to enjoin the reporter from disclosing the location to anyone other than the trial judge, would properly balance the defendant’s right to discovery with the public policy demanding confidentiality of such numbers. In fact, this method does not differ significantly from that employed and approved in In re David W., 62 Cal.App.3d 840, 133 Cal.Rptr. 342 (2d DCA 1976). Therein, the trial court appointed an independent expert witness to examine the location of the secondary vehicle identification number. The witness examined such number and made a tape impression of it to verify the accuracy of the reported number. In the case, sub judice, the judge, upon examining the court reporter’s verification, may advise the defendant whether or not the confidential number has been verified.
As to provision (1), the record does not show that it is necessary to the defense of the case that defendant’s attorney be ap *840 prised of the location of this confidential number. Provision (1) is therefore not approved.
The petition for writ of common law cer-tiorari is granted. The order is affirmed in part and reversed in part and remanded for modification of the trial court’s order to comply with this opinion.
BOYER and MELVIN, JJ., concur.

. Automobiles have two vehicle identification numbers — one known as the “public” vehicle identification number and one known as the “secondary” vehicle identification number. The location of the secondary vehicle identification number is apparently known only to the vehicle manufacturers and certain persons concerned with the identification of vehicles for insurance and law enforcement purposes.