THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. TOMMY LEE RUTLEDGE, Defendant-Appellant.

Third District   No. 3—84—0346

Opinion filed July 26, 1985.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

John R. Clerkin, State's Attorney, of Macomb (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE BARRY delivered the opinion of the court:

The defendant, Tommy Lee Rutledge, appeals from his conviction of felony theft of a John Deere tractor. The critical issue on appeal is whether the trial court erred in refusing to order disclosure of the location of the tractor's confidential vehicle identification number.

The evidence established that on April 27, 1983, Robert Gregory found that his 1980 John Deere tractor, serial No. 010399, had been stolen. On October 26, 1980, Gregory viewed a tractor recovered by the police to determine whether it was his. Although the recovered tractor was similar to Gregory's, several important characteristics were different. Gregory had placed his initials under the fender of his

tractor; no initials were present on the recovered tractor. Gregory's tractor was scratched; no scratch could be seen on the recovered tractor. The serial number of the recovered tractor was also different than the number on Gregory's tractor.

During pretrial discovery, the defendant requested that the State disclose the exact location of the confidential vehicle identification number (VIN). The court denied the defendant's request. Instead, the court conducted an *in camera* inspection of the vehicle and verified that the number 010399 was stamped on the chasis.

At trial, Illinois State police officer Thomas Schneider testified that the confidential identification number on the recovered tractor matched the serial number of Gregory's tractor. Schneider further testified that he conducted a surveillance of property owned by Russell Graves on the night of October 25, 1983. At approximately 10 p.m., Schneider observed a jeep and the recovered tractor driving through a field. The defendant drove the jeep while Graves drove the tractor. Graves and the defendant were arrested for theft of the tractor.

Dennis Selberg, an employee of John Deere, testified for the State regarding the various identification numbers associated with the recovered tractor, including the VIN. Selberg testified that a serial number is composed of part of the VIN. Counsel for the defendant was prohibited from inquiring during cross-examination into the location of the confidential VIN.

The defendant asserts on appeal that the trial court's refusal to order disclosure of and allow examination as to the location of the confidential VIN deprived the defendant of a fair trial. The defendant's argument that the VIN was discoverable is directly supported by the decision in *People v. Ramistella* (1954), 306 N.Y. 379, 118 N.E.2d 566, and in a line of cases based upon *Ramistella.* See *People v. Silver* (1976), 39 N.Y.2d 99, 382 N.Y.S.2d 972, 346 N.E.2d 811; *Burton v. State* (Ind. 1984), 462 N.E.2d 207.

In *Ramistella,* evidence of the confidential VIN was introduced to prove the defendant guilty of grand larceny of an automobile. The trial court refused to allow the defendant to cross-examine witnesses regarding the location of the confidential VIN. The reviewing court found that the defendant was denied a fair trial, reasoning that when the confidential VIN was used as evidence against the defendant, the State was constitutionally required to allow its witnesses to be cross-examined with respect to the VIN, including its location.

■ A defendant's right to confront the witnesses against him is fundamental to a fair trial. (*Pointer v. Texas* (1965), 380 U.S. 400, 13

L. Ed. 2d 923, 85 S. Ct. 1065.) An essential part of this right is the right to cross-examine witnesses. Limitations on this right, although proper in certain instances, require close examination. *Chambers v. Mississippi* (1973), 410 U.S. 284, 35 L. Ed. 2d 297, 93 S. Ct. 1038.

One accepted limitation is the informant's privilege, which allows the government to withhold the identities of persons who provide information to law enforcement agencies. (*McCray v. Illinois* (1967), 386 U.S. 300, 18 L. Ed. 2d 62, 87 S. Ct. 1056.) The *McCray* court affirmed the principle, enunciated in *Roviaro v. United States* (1957), 353 U.S. 53, 1 L. Ed. 2d 639, 77 S. Ct. 623, that where disclosure of a fact is refused during cross-examination, the public interest in protecting the flow of information must be balanced against the individual's right to prepare his defense.

■ The principles governing disclosure of an informant's identity have been extended by analogy to the disclosure of a police surveillance post. (*Hicks v. United States* (D.C. App. 1981), 431 A.2d 18.) We conclude that these principles may be extended to the disclosure of a confidential VIN.

The issue, then, is whether the public policy favoring suppression of information crucial to the investigation of stolen vehicles is outweighed by the defendant's need to have the VIN location. The decision in *Ramistella* would indicate that the balance tips in favor of the defendant's constitutional right. One important factor, however, distinguishes the instant case from the decision in *Ramistella*. In the instant case, the trial court conducted an *in camera* inspection.

On facts parallel to the facts in the case at bar, the conducting of an *in camera* inspection has been held to be a constitutionally acceptable resolution to the balancing of the State's and defendant's competing interests. In *State v. Moore* (Fla. App. 1978), 356 So. 2d 838, the reviewing court considered the disclosure of a VIN in the context of an interlocutory appeal from a discovery order in a prosecution for receiving a stolen car. The trial court proposed that an official court reporter verify the VIN and its location by way of a sealed transcript to the court. The reviewing court approved the method proposed by the trial court for disclosure of the confidential VIN, with the modification that the court reporter be enjoined from disclosing the location. The appellate court found that this method "properly balance[d] the defendant's right to discovery with the public policy demanding confidentiality of such numbers." 356 So. 2d 838, 839.

In reaching its decision, the *Moore* court relied on the decision in *In re David W.* (1976), 62 Cal. App. 3d 840, 133 Cal. Rptr. 342. In *David W.*, a juvenile was charged with grand theft of an auto. During

the juvenile's prosecution, the State's witness refused to divulge the location of the VIN. The trial court appointed an agent for a nonprofit service organization as an independent expert witness. This witness, who had prior knowledge of VIN locations, verified the VIN. The court on review phrased the issue as "whether the policy underlying the official privilege rule outweighs the policy in favor of full cross-examination." (62 Cal. App. 3d 840, 848, 133 Cal. Rptr. 342, 347.) The court found that the use of the court's own independent expert was a constitutional resolution of the conflicting policies.

In the instant case, the trial court itself verified the confidential VIN through an *in camera* inspection. Like the courts in *Moore* and *David W.*, we find this to be a constitutionally proper resolution of the balance between the State's need to protect the location of the confidential VIN and the defendant's right to confront witnesses. The defendant is assured of the veracity of the testimony of the State's witnesses, and the State's need to protect the information is safeguarded.

The exact method chosen by the court in the cause at bar creates the potential for placing the trial judge in the position of witness. While we find no error in this method, a system utilizing an independent observer, as was used in *Moore* and *David W.*, would be preferable.

We, therefore, find that the defendant's conviction must be affirmed.

The defendant's second argument on appeal is that the fine imposed pursuant to his conviction must be reduced to reflect a credit of $5 per each day of the defendant's incarceration before trial. The State acknowledges that such credit is due the defendant. (Ill. Rev. Stat. 1983, ch. 38, par. 110—14.) Pursuant to our supervisory jurisdiction (87 Ill. 2d R. 615(b)), we modify the fine imposed to reflect a $10 credit.

The judgment of the circuit court of McDonough County is affirmed as modified and the cause is remanded for entry of a corrected mittimus.

Affirmed as modified and remanded.

STOUDER and WOMBACHER, JJ., concur.