THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
STEVEN M. KECK, Defendant-Appellant.

Third District   No. 3—91—0562

Opinion filed April 2, 1992.

Robert Agostinelli, of State Appellate Defender's Office, of Ottawa, for appellant.

Marshall E. Douglas, State's Attorney, of Rock Island (Terry A. Mertel, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STOUDER delivered the opinion of the court:

The defendant, Steven M. Keck, pled guilty to the offense of felony theft (Ill. Rev. Stat. 1989, ch. 38, par. 16—1(1)) and was sentenced to 24 months of probation. He was also ordered to pay restitution, court costs, and a $250 fine. Thereafter, his probation was revoked due to his failure to pay his fine. He was subsequently sentenced to 3½ years of imprisonment for his theft conviction. The defendant appeals.

We initially note that both the defendant and the State have filed motions to strike in this case, each contending that the other has cited facts not supported by the record. To the extent the parties

have gone outside the record, we hereby grant the motions to strike and take no notice of those facts and arguments.

The defendant first argues on appeal that the State did not prove that he wilfully failed to comply with the financial obligation imposed upon him as a condition of his probation.

The record shows that from October of 1989 to May of 1991, the defendant held eight different jobs, none of them lasting more than a month. No evidence was adduced explaining why the defendant was unable to maintain employment for a longer period of time.

The record also shows that the defendant's living expenses were greater than the income he earned at his various places of employment. In addition, when asked if he had any spending money after paying rent, gas, utilities, and food, the defendant testified that he did not. However, the defendant did admit to spending $1.20 a day on cigarettes.

Following the hearing, the trial court found that the defendant's failure to maintain employment and his smoking habit were evidence of the defendant's bad faith in trying to pay off his financial obligations. As such, it found that the defendant's failure to pay was a wilful refusal to pay. It therefore revoked the defendant's probation and sentenced him to a prison term.

Probation shall not be revoked for failure to comply with conditions of a sentence which impose financial obligations upon an offender unless such failure is due to his wilful refusal to pay. (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(d).) The burden is on the State to prove that the defendant's failure to comply with his financial obligations was a wilful refusal before probation can be revoked for such a failure to comply. (*People v. Harder* (1975), 59 Ill. 2d 563, 322 N.E.2d 470.) In addition, it is essential that a finding be made as to the defendant's financial ability to pay. (*People v. Susberry* (1979), 68 Ill. App. 3d 555, 386 N.E.2d 361.) A reviewing court will not disturb a trial court's order revoking probation absent an abuse of discretion. *People v. Moaton* (1989), 182 Ill. App. 3d 161, 537 N.E.2d 989.

■ In the case at hand, we find that the trial court abused its discretion in revoking the defendant's probation. We note that the record does not support a finding that the defendant's failure to pay his financial obligation was wilful. The State presented no evidence showing that the defendant intentionally maintained only sporadic, low-paying employment.

In addition, the State failed to overcome the defendant's evidence that he was in a difficult financial situation. The defendant testified that after paying his monthly expenses he had no spending money. Al-

though the defendant admitted spending money on cigarettes, we find no support for the trial court's finding that this fact was enough to show that the defendant wilfully failed to pay his financial obligations.

Based on the facts of this case, we decline to find that the defendant's smoking habit and lack of steady employment were enough evidence for the trial court to revoke the defendant's probation. We therefore find that the State failed to prove that the defendant had the ability to meet his financial obligations. As such, the State failed to show that the defendant wilfully violated his probation.

Accordingly, the trial court's order revoking the defendant's probation is reversed. We note that our disposition of this issue renders moot the defendant's argument that his sentence was excessive.

The defendant next argues that he should be credited with a reduction in his fine due to the time he served in jail prior to the probation revocation hearing at issue in this case. He contends that he is entitled to a $5-a-day credit for the 107 days he spent in jail. The State concedes that the defendant is entitled to some credit but disputes the defendant's contention that the credited time should be 107 days. It argues that the defendant is only entitled to 37 days of credit.

The 70 days in dispute involve time the defendant spent in incarceration for violating his probation. The record shows that in February of 1989 the defendant was placed on probation after pleading guilty to the offense of theft. On September 19, 1989, the defendant admitted that he had violated his probation. As a result, the trial court sentenced him to a 70-day jail term while leaving the original probation terms in effect. On appeal the defendant argues that he should be given credit for this time. We disagree.

Any person incarcerated on a bailable offense who does not supply bail and against whom a fine is levied on conviction of such offense shall be allowed credit of $5 for each day so incarcerated. (Ill. Rev. Stat. 1989, ch. 38, par. 110—14.) However, time served as a sentence on a probation revocation will not be credited since that is an incident of probation rather than incarceration on a bailable offense. (*People v. Leggans* (1986), 140 Ill. App. 3d 268, 488 N.E.2d 614.) The apparent purpose of section 110—14 is to allow an incarcerated defendant to receive credit for time served prior to posting bail or going to trial. See *People v. Rutledge* (1985), 135 Ill. App. 3d 259, 481 N.E.2d 348; *People v. Winkler* (1979), 77 Ill. App. 3d 35, 395 N.E.2d 671.

In the case at hand, the 70 days the defendant served were not time spent incarcerated on a bailable offense. He was not awaiting

trial, but rather was serving time on a sentence received for violating his probation. We therefore find that the defendant is entitled to only 37 days of credit, not 107 days as contended.

The defendant's last argument on appeal is that the $30 fine imposed pursuant to the Violent Crime Victims Assistance Act (Ill. Rev. Stat. 1989, ch. 70, par. 510(b)) should be reduced to $25. The State concedes that the fine should be reduced but argues that it should be reduced to $28 and not $25. We agree with the State.

After September 18, 1986, there shall be added to each fine imposed upon conviction of any felony an additional penalty of $4 for each $40, or fraction thereof, of the fine imposed. Ill. Rev. Stat. 1989, ch. 70, par. 510(b).

In the case at hand, the defendant was fined $250. A penalty of $4 for each $40 results in a $24 fine for the first $240. However, another $4 must be added for the $10 fraction remaining, bringing the total fine to $28. As such, we find that the defendant's $30 fine should be reduced to $28.

The judgment of the circuit court of Rock Island County is reversed and the cause is remanded for proceedings consistent with this decision.

Reversed and remanded with directions.

BARRY, P.J., and McCUSKEY, J., concur.