(No. 53351.—

THE PEOPLE *ex rel.* BERNARD CAREY, State's Attorney, Petitioner, v. ANTHONY SCOTILLO, Judge, *et al.,* Respondents.

*Opinion filed February 20, 1981.*

SIMON, J., took no part.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr and Robert J. Kaiser, Jr., Assistant State's Attorneys, of counsel), for the People.

Lawrence Wolf Levin, of Chicago, for respondent Gabriel Rodriquez.

Irwin L. Frazin & Associates, Ltd., of Chicago (Robert A. Fisher, of counsel), for respondent Armondo Corzo.

MR. JUSTICE WARD delivered the opinion of the court:

Respondents Gabriel Rodriquez and Armondo Corzo (referred to hereafter as the defendants) were indicted for several offenses in connection with the shooting of David Pozdoll and Isaac Munoz on May 22, 1979. After a trial in the circuit court of Cook County they were found guilty of aggravated battery, attempted murder, and armed violence as to each victim in violation of sections 12–4, 8–4, and 33A–2 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 12–4, 8–4, 33A–2). On January 17, 1980, respondent Anthony Scotillo, the judge who presided at the trial, entered judgments of guilty against the defendants only on the charges of attempted murder. Defendant Rodriquez was sentenced to two concurrent terms of 18 months' imprisonment; defendant Corzo was given two concurrent terms of 9 months' imprisonment. The petitioner moved orally on March 17 that judgment and sentence also be entered against each defendant on the two charges of armed violence, or, in the alternative, that defendant Corzo be sentenced to a term of imprisonment of at least one year on his conviction for attempted murder. That motion was denied, and we allowed a motion by the petitioner under Rule 381(a) (73 Ill. 2d R. 381(a)), for leave to file a petition for a writ of *mandamus,* directing the respondent judge to enter the judgments and sentences sought by the petitioner's motion.

The indictment and a transcript of the report of pro-

ceedings on March 24, 1980, when the petitioner's motion was argued and denied, copies of which were attached as an exhibit to the petition, constitute the entire record filed in this court. The indictment is in 15 counts. Six of these charged the defendants jointly with the commission of aggravated battery, attempted murder, and armed violence upon Pozdoll. Six other counts charged them with the same offenses with respect to the other victim, Munoz. The three remaining counts were directed to Rodriquez alone, and charged that on the day after the shooting of Pozdoll and Munoz he committed certain offenses against Ramona Principato, apparently a potential witness at the trial. These latter charges are not involved in the present proceeding. The petition asserts that the shootings of Pozdoll and Munoz took place in a single criminal incident. That assertion is not supported by any matter in the record before us, but it is not denied by the defendants, and we will assume it to be correct for the purpose of our decision.

In order to understand the petitioner's argument, a consideration of the sentences applicable to the various offenses involved is necessary. Aggravated battery is a Class 3 felony, and the penalty is a determinate sentence of not less than 2 and not more than 5 years (Ill. Rev. Stat. 1979, ch. 38, pars. 12—4(e), 1005—8—1). The offense of attempt is not classified under the Unified Code of Corrections as either a felony or a misdemeanor, and at the time the offenses involved here took place no minimum term of imprisonment was specified in section 8—4 of the Criminal Code of 1961, which defines the offense of attempt (Ill. Rev. Stat. 1979, ch. 38, pars. 8—4, 1005—5—2). Section 8—4(c)(1) of the Criminal Code of 1961 (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 8—4(c)(1)) specified only the maximum sentence, providing, "[T]he sentence for attempt to commit murder shall not exceed the sentence for a Class X felony." The penalty for a Class X felony was a determinate sentence of

not less than 6 years and not more than 30 years. (Ill. Rev. Stat. 1979, ch. 38, par. 1005–8–1.) The offense of armed violence, if the defendant is armed with a gun, is a Class X felony, and the sentence is again a determinate sentence of not less than 6 and not more than 30 years (Ill. Rev. Stat. 1979, ch. 38, par. 1005–8–1(3)).

The petitioner focuses upon the disparity between the sentences of 9 to 18 months which were given to the defendants and the minimum sentence of 6 years which would be required upon conviction of armed violence. The basis of the petitioner's challenge is not that there was an abuse of discretion by the trial judge, but that he disregarded a statutory mandate. It is the petitioner's contention that judgment and sentence should have been entered on the offense of armed violence, since the latter is a more serious offense than attempted murder, if seriousness is measured, as the petitioner says it must be, by a comparison between the minimum sentences which the statute imposes for the two offenses.

The count relating to the commission of armed violence against Pozdoll charged that the defendants "while armed with a dangerous weapon, to wit: a firearm intentionally and knowingly without legal justification caused bodily harm to David Pozdoll by shooting him in the right cheek and left leg with said firearm, in violation of Chapter 38, section 12–4(b)(1)/33A–2 of the Illinois Revised Statutes 1977 as amended." The count charging armed violence against Munoz is in the same words except for the differences in the name of the victim and the part of the body where he was shot.

As the trial court noted, the underlying felony on which this charge of armed violence was predicated was aggravated battery. Since the charge does not allege that the battery was committed with the intent to kill the victim, it does not charge attempted murder. *(People v. Trinkle* (1977), 68 Ill. 2d 198, 201; *cf. People v. Harris*

(1978), 72 Ill. 2d 16, 27; *People v. Jones* (1979), 81 Ill. 2d 1, 8-9.) A judgment of conviction for armed violence predicated on an underlying felony of attempted murder would therefore be improper.

There are certain difficulties in the petitioner's argument, but we need not consider them since there are other considerations which make issuance of a writ of *mandamus* improper. We have ascertained that on April 22 defendant Rodriquez filed a notice of appeal from his conviction of attempted murder. The trial record was subsequently filed in the appellate court, and on August 19 that court granted a motion by Rodriquez to stay further proceedings until the disposition of this *mandamus* action. The State's motion for leave to file a petition for *mandamus* was filed with this court on May 6 and was allowed on May 29. The case was argued on November 12. Somewhat inexplicably neither the petitioner nor the defendants mentioned the pendency of the appeal in their briefs or on oral argument.

A writ of *mandamus* does not issue out of this court under Rule 381(a) (73 Ill. 2d R. 381(a)) as a matter of right, and an action for *mandamus* is heard only pursuant to the court's allowance, in the exercise of its discretion, of leave to file a petition for the writ. Where matters that might lead the court to deny leave to file do not come to the court's attention until after the motion has been allowed, they may properly be considered in determining whether the petition will be granted.

Where the writ would compel the performance of a judicial act by a lower court in pending litigation this court must necessarily consider not only whether the petitioner has shown a clear violation by the judge of a duty imposed by law but also whether issuance of the writ will be effective. We find that the present petition does not meet those requirements.

We note initially that with the filing of the notice of

appeal the circuit court lost all jurisdiction to proceed further in the case. (*People ex rel. Carey v. Collins* (1980), 81 Ill. 2d 118, 122; *Brehm v. Piotrowski* (1951), 409 Ill. 87; *American Smelting & Refining Co. v. City of Chicago* (1951), 409 Ill. 99.) While this court, as it did in *Collins,* may direct the trial court to vacate an order which it lacked jurisdiction to enter, it is the converse situation which is presented here, for what the petitioner asks is that the trial court be directed to enter a new judgment of conviction.

Moreover, we must necessarily consider the effect which issuance of the writ will have upon the proceedings in the appellate court. Since the judgment from which the present appeal to that court was taken will have been superseded by a new judgment entered pursuant to our mandate, the appellate court may conclude that the appeal must be dismissed as having become moot. If the appellate court permits the present appeal to proceed, on the other hand, we must anticipate the possibility that the court will reach a decision which will render useless the action taken by the trial court pursuant to the writ.

Thus, for example, defendant Rodriquez might prevail upon a claim that he was not proved guilty beyond a reasonable doubt, with the result that his conviction will fall, carrying with it any sentence. It is far from clear, therefore, that the relief sought by the petitioner is necessary or appropriate at this time. At the same time, issuance of the writ may further delay the disposition of Rodriquez' appeal, already deferred by the allowance of the State's motion for leave to file this petition.

The petition also fails to conform to the requirement of Rule 381(a) that it "contain or have attached to it the lower court records *** that will fully present the issues of law." (73 Ill. 2d R. 381(a).) Since the charge of attempted murder and that of armed violence relate to the same criminal incident, a judgment of conviction could be

entered on no more than one of these charges. (*People v. King* (1977), 66 Ill. 2d 551.) According to the petition, judgment on the attempted murder charge was entered on January 17, while it was not until March 17 that the petitioner moved to enter judgment on the armed violence charge. Under the rule in *King* the trial court could not have granted that motion without also entering an order vacating the judgment of January 17. The petition for *mandamus* does not ask for such relief, and the record of proceedings for March 24 does not show that the petitioner requested the trial judge at that time to take such action.

The record before us contains no report of proceedings for January 17 or March 17, and no copies of any judgments or orders entered by the trial judge. It is not possible, therefore, to determine whether the trial judge was ever requested to vacate his order of January 17, or, if he was, whether he denied the request for some other reason which would be deemed sufficient.

For the reasons given above, we conclude that there is no basis for issuing the writ of *mandamus,* and the petition is accordingly denied.

*Writ denied.*

MR. JUSTICE SIMON took no part in the consideration or decision of this case.