In re MARRIAGE OF JULIE A. BETTS, Petitioner-Appellee, and JOHN A. BETTS, Respondent-Appellant.

Fourth District   No. 4—86—0780

Opinion filed July 7, 1987.—Rehearing denied August 26, 1987.

John A. Betts, of Marseilles, for appellant, *pro se.*

Paul R. Wilson, Jr., of Wilson Law Office, P.C., of Rantoul, for appellee.

PRESIDING JUSTICE SPITZ delivered the opinion of the court:

The respondent-husband appeals an award of attorney fees entered in favor of the petitioner-wife as well as an order modifying his child support obligations. His only argument on appeal is lack of proper notice of a hearing on both matters, a deficiency he asserts voids any orders subsequently entered as violative of due process.

The parties were divorced in September of 1982. As part of the dissolution of marriage judgment, respondent was ordered to provide child support to the petitioner. On July 25, 1986, respondent was adjudged in contempt of court for failure to make past-due child support payments, a finding later upheld by this court on appeal. *In re Marriage of Betts* (1987), 155 Ill. App. 3d 85, 507 N.E.2d 912.

In the interim, petitioner returned to the circuit court of Ford County seeking attorney fees for the successful enforcement of back-due child support, an award considered mandatory following a contempt order where the underlying failure to pay is implicitly without cause or justification. (*In re Marriage of Stanley* (1985), 133 Ill. App. 3d 963, 974, 479 N.E.2d 1152, 1159; see Ill. Rev. Stat. 1985, ch. 40, par. 508(b).) Petitioner also moved for a modification of the original dissolution of marriage judgment as it related to child support. A notice of a hearing concerning the petitioner's motions was filed with the court on September 10, 1986. Attached to each notice and motion is a certificate of service stating the papers were sent to the respondent by certified mail, return receipt requested, on September 9, 1986. A hearing was held as scheduled on October 7, 1986; only counsel for the petitioner was present. On October 15, 1986, the court entered written judgment orders awarding the petitioner $1,181 in attorney fees, and extending respondent's child support obligations toward his daughter while she attends college.

Respondent on November 14, 1986, filed notice that he was appealing "from all orders entered in said cause after July 25, 1986." According to Supreme Court Rule 303(c)(2), any notice of appeal must "specify the judgment or part thereof appealed from." (103 Ill. 2d R. 303(c)(2); *Pickle v. Curns* (1982), 106 Ill. App. 3d 734, 737, 435 N.E.2d 877, 880.) Respondent's ambiguous statement that he appeals

from any orders entered subsequent to July 25, 1986, thus lacks the requisite specificity on its face. Although petitioner has not contested this notice of appeal, proper notice of what is being appealed from under Rule 303 is a jurisdictional prerequisite to our being able to hear a matter on review. (*Mooring v. Village of Glen Ellyn* (1978), 57 Ill. App. 3d 329, 331, 373 N.E.2d 35, 36.) An appellate court is under a duty to consider its jurisdiction whether or not it is raised by the parties. (*Rothert v. Rothert* (1982), 109 Ill. App. 3d 911, 918, 441 N.E.2d 179, 183.) We therefore devote attention to the notice on file to decide whether we may even review the merits.

A notice of appeal is to be liberally construed. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433, 394 N.E.2d 380, 382.) Where an existing deficiency is one of form and not substance, as where a timely notice fails to clearly specify the judgment appealed from (*Ebert v. Dr. Scholl's Foot Comfort Shops, Inc.* (1985), 137 Ill. App. 3d 550, 556-57, 484 N.E.2d 1178, 1183), appellate jurisdiction may still be conferred if the notice fairly and accurately advises the successful party of the nature of the appeal. Accordingly, if the appellee is not prejudiced thereby, the absence of strict compliance with form will not be fatal. *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 434, 394 N.E.2d 380, 383.

The defect in notice here was one of form only. There is no doubt all parties knew exactly what orders were being appealed from. Two orders were entered on October 15, 1986, one being a modification of child support as requested by the petitioner, and the other being an award of attorney fees. Respondent's notice of appeal was timely filed exactly 30 days after entry of the contested orders; indeed, only those orders entered that day could possibly be appealed from within the 30-day jurisdictional requirement of Rule 303(a) (103 Ill. 2d R. 303(a)). The petitioner was not prejudiced by this technical defect. She was clearly apprised of what was being appealed. She made no objection to the notice of appeal itself, in fact fully briefing and arguing in opposition to the issue raised by the respondent's brief. Under these facts, and in the absence of objection by the petitioner-appellee, we conclude a mere defect in form does not deprive this court of jurisdiction to consider the merits.

We have taken with this cause the petitioner's motion to strike respondent's brief for noncompliance with Supreme Court Rules 341(e)(6) and (e)(7) (87 Ill. 2d Rules 341(e)(6), (e)(7)). That motion depicts respondent's brief as replete with unsupported allegations of fact. Respondent must be admonished that his statement of facts is inappropriate. The record in this matter is so simple and straightfor-

ward, however, that we may consider the facts on that basis. The motion to strike the entire brief is denied.

■■ ■ We proceed to the merits. Respondent argues he never received notice of the October 7 hearing. He contends this *ex parte* proceeding and the subsequent October 15 judgment orders are void, asserting a deprivation of property without due process of law and the denial of his right to be heard.

Supreme Court Rule 11 provides for the manner of serving "papers" other than process or complaint on a party who is not in default. (87 Ill. 2d R. 11.) Such papers may be served in any one of three ways, including:

> "[B]y depositing them in a United States post office or post-office box, enclosed in an envelope, plainly addressed to the attorney at his business address, or to the party at his business address or residence, with postage fully prepaid." (87 Ill. 2d R. 11(b)(3).)

"Papers" are defined as including a notice, motion, petition, "or other paper or combination of papers required or permitted to be filed." 87 Ill. 2d R. 2(b)(3).

Supreme Court Rule 105, on the other hand, provides for the use of registered mail to serve notices where "new or additional relief" by amendment, counterclaim or otherwise is sought against a party already in default. (87 Ill. 2d R. 105.) Service of such notice may be effectuated by registered mail addressed to the party, return receipt requested. (87 Ill. 2d R. 105(b)(2).) Service will not be complete until the notice is received, and the registry receipt "is *prima facie* evidence thereof." 87 Ill. 2d R. 105(b)(2).

Petitioner's motion for attorney fees here did not constitute a proceeding for new or additional relief. The fees were incurred while enforcing the terms of the original dissolution judgment. Further, the respondent is not a party in default. No summons or complaint is involved. Therefore, the requirement of service by registered mail under Supreme Court Rule 105 is inapplicable. Rather, service by "regular mail" pursuant to Supreme Court Rule 11 would suffice. We note in this regard the decision in *In re Marriage of Ponsart* (1983), 118 Ill. App. 3d 664, 455 N.E.2d 271, where the appellate court there held Supreme Court Rule 11, and not Rule 105, applies in a post-judgment proceeding to modify child support, as is partially the case here. Similarly, service by mail as contemplated pursuant to Supreme Court Rule 11 is sufficient in a post-dissolution motion for attorney fees incurred while enforcing a previous order of child support.

Our conclusion also comports with the language of section 511 of

the Illinois Marriage and Dissolution of Marriage Act. That statute provides any judgment of dissolution may be enforced or modified by filing a petition "with notice mailed to the respondent at his last known address." (Ill. Rev. Stat. 1985, ch. 40, par. 511(a).) Notice by registered mail is not specified. All that is required is notice by regular mail. See amendment to Ill. Ann. Stat., ch. 40, par. 511, at 148 (Smith-Hurd Supp. 1986).

There is a presumption of delivery if sent by regular mail directed to a proper address. Where the rules provide for that method of service, notice is thus satisfied by use of regular mail. Otherwise, "[i]f the proper giving of the notice can now be frustrated by the mere allegation of the [respondent] that he did not receive it, then the giving of notice by mail cannot be relied upon even though the rules specify such a method." *Bernier v. Schaefer* (1957), 11 Ill. 2d 525, 529, 144 N.E.2d 577, 579.

Again, the certificate of service attached to the notice of hearing and motions stated those papers were sent to the respondent personally at his last known address by certified mail, return receipt requested. Respondent complains that although the certificate of service indicated notice was sent by certified mail, no registry receipt as proof of actual service was ever supplied to the trial court. Petitioner simply counters that she should not be penalized for attempting to do more than she was required by rule to do.

Petitioner chose the method of serving notice of a hearing upon the respondent, that method being by certified mail. Having undertaken more than was actually required of her, she was also obliged to follow through on that method by submitting the return receipt as proof of service. Because that return is not a part of the record, we must reverse.

In sum, we hold that while notice of a hearing on motions seeking attorney fees incurred in the enforcement of court-ordered child support and modification of the dissolution of marriage judgment may be served by regular mail, proof of such service was not adequately provided here.

Reversed.

GREEN and McCULLOUGH, JJ., concur.