THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
MARK D. BURCHAM, Defendant-Appellant.

Fourth District   No. 4—90—0158

Opinion filed January 29, 1991.

Daniel D. Yuhas and Gloria Ann Morris, both of State Appellate Defender's Office, of Springfield, for appellant.

Lawrence R. Fichter, State's Attorney, of Decatur (Kenneth R. Boyle, Robert J. Biderman, and Amy K. Schmidt, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE STEIGMANN delivered the opinion of the court:

After a jury trial in Macon County, defendant, Mark D. Burcham, was convicted *in absentia* of burglary (Ill. Rev. Stat. 1989, ch. 38, par. 19—1). The jury was unable to reach a verdict on the second charge against defendant, possession of burglary tools, and the court declared a mistrial as to that charge. The court also held a sentencing hearing *in absentia* at which the State submitted certified copies of defendant's convictions for armed robbery (committed in 1981) and burglary (committed in 1984) and requested that the court sentence defendant as a Class X offender pursuant to section 5—5—3(c)(8) of the Unified Code of Corrections (Code) (Ill. Rev. Stat. 1989, ch. 38, par. 1005—5—3(c)(8)). The court agreed that defendant should be sentenced as a Class X offender, and he was sentenced to 12 years in prison.

Defendant's sole argument on appeal is that his 12-year sentence violated his right to due process because he had been informed by the court that he was subject to a sentence of three to seven years in prison. We disagree and affirm.

On October 3, 1989, the State filed an information in Macon County charging defendant with burglary and possession of burglary tools. On October 4, 1989, defendant and his codefendant appeared in court in the custody of the sheriff and both defendants were told the following:

"You are each charged in Count I with the offense of Burglary which is a Class 2 Felony.

You are charged in Count II with the offense of Possession of

Burglary Tools which is a Class 4 Felony.

A Class 2 Felony carries a possible penitentiary term of a minimum of 3 years, a maximum of 7, and a period of mandatory supervised release or parole of 2 years.

Class 4 Felony carries a possible penitentiary term of a minimum of 1 year, a maximum of 3, and a period of mandatory supervised release or parole of 1 year."

The court further explained to the defendants their right to a preliminary hearing and their right to be represented by counsel. After these admonitions, the court appointed the Macon County public defender to represent both defendants and then asked the prosecutor if he had a recommendation as to bond. The prosecutor replied as follows: "As to Mr. Burchman, Your Honor, the People recommend a bond in the sum of $5,000. He has prior convictions for Criminal Trespass to Land, Burglary, second conviction for Burglary, and Residential Burglary." Neither the dates those offenses were committed nor the dates defendant was convicted were provided by the prosecutor. No clarification of the prosecutor's representations was requested by defendant's counsel, and no suggestions were made by anyone that the provisions of section 5—5—3(c)(8) of the Code might be applicable.

At defendant's *in absentia* sentencing hearing, the State presented the court with certified copies of defendant's convictions for armed robbery and burglary. The State then argued that because the requirements of section 5—5—3(c)(8) of the Code were met, the court was required to sentence defendant as a Class X offender. The State noted that the sentencing range for a Class X offender is not less than 6 nor more than 30 years (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—1(a)(3)) and argued that a 14-year sentence would be appropriate because defendant had been sentenced to prison for felony convictions four separate times in the previous 12 years. The court agreed that defendant had to be sentenced as a Class X offender and sentenced him to 12 years in prison.

On appeal, defendant argues that he was denied his right to due process of law under the fourteenth amendment to the United States Constitution because he had been informed that if convicted of burglary he could be sentenced to imprisonment for three to seven years, yet he was subsequently sentenced as a Class X offender to 12 years. Defendant concedes that absent a guilty plea, the trial court was under no duty to advise him of his eligibility for an enhanced sentence. (See Ill. Rev. Stat. 1989, ch. 38, pars. 109—1(b), 113—1, 113—4(c); see also 107 Ill. 2d R. 402(a)(2).) However, defendant argues that once the trial court chose to inform defendant of the possible sentences, due process requires that the information be accurate and complete. Defendant concludes his ar-

gument as follows: "It was fundamentally unfair to inform the defendant that he faced 3 to 7 years imprisonment upon conviction, and later to sentence him to a Class X sentence of 12 years, especially where at the arraignment the State informed the court of the defendant's prior convictions." We are unpersuaded.

The first difficulty with defendant's argument is that were we to accept it, we would be placing defendants who wilfully fail to appear at their sentencing hearings in a better position that those who do appear. This dichotomy is shown by noting that had defendant appeared at his sentencing hearing, he would have had no basis to argue against his being sentenced as a Class X offender to 12 years. As previously stated, Illinois law requires detailed admonitions of the minimum and maximum sentences defendants face *only* when they plead guilty; a defendant who pleads not guilty and who is convicted at trial may receive whatever sentence the trial court chooses to impose at the sentencing hearing as long as it is within accordance with the sentencing range provided in the Code for the offense of which the defendant stands convicted.

We use the term "wilfully" advisedly when describing a defendant who fails to appear for his trial or sentencing hearing and, as a result, is tried or sentenced *in absentia* pursuant to the provisions of section 115—4.1 of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 115—4.1). Section 115—4.1(e) states that when such a defendant next appears before the court, "he must be granted a new trial or new sentencing hearing if the defendant can establish that his failure to appear in court was both without his fault and due to circumstances beyond his control." (Ill. Rev. Stat. 1989, ch. 38, par. 115—4.1(e).) Thus, we can presume a defendant's absence to be wilful because, if it were not, the hearing required by subsection (e) would result in the sentencing hearing being vacated and defendant's being sentenced anew. Only if a court has determined at a subsection (e) hearing that defendant's failure to appear was *not* without his fault or *not* due to circumstances beyond his control—in other words, his failure to appear was "wilful"—would the earlier action of the court in trying or sentencing defendant *in absentia* be permitted to stand.

Defendant seems to be arguing some theory of "detrimental reliance" based upon the court's representations as to what his sentencing range might be, suggesting that this "reliance" was a factor in defendant's wilfully choosing not to appear at his sentencing hearing. We are not prepared to recognize such reliance as either reasonable or detrimental; nor are we prepared to place defendants who choose not to appear at their sentencing hearings in a better position than those who do appear. To hold otherwise would make a mockery of the criminal law.

■ Our decision is not affected by the State's representations of defendant's prior criminal record at a defendant's first appearance before the court (here, the day after criminal charges were filed), when bail bond is being set. We are not going to require the State, at its peril, to know with precision defendant's prior record and whether that record permits or requires the imposition of an enhanced sentence in the event of defendant's conviction. We hold that any representations made by the State regarding a defendant's record of convictions can be no support for the kind of claim now before us.

■ Defendant also makes the following argument before this court: "A defendant who is tried, convicted, and sentenced *in absentia* is particularly vulnerable to excesses by the State because he is not present to challenge the accuracy of the evidence or to inform his attorney that evidence is inaccurate." We reject this argument and add that defendants who wilfully choose to disregard court orders to appear at trial or sentencing hearings are entitled to no succor or sympathy from the trial courts or this court. Simply put, if defendants are concerned about the "excesses of the State" or the accuracy of the evidence that might be presented at their sentencing hearings, it is a good idea for them to show up. The law provides the means for a defendant to be heard in order to fully protect his rights at the sentencing hearing, and his wilful failure to appear ought properly be viewed as a self-inflicted wound.

As this court wrote in the case of another defendant who was tried *in absentia* and complained on appeal about being deprived of some statutory benefits available to defendants who appear as directed, "The loss to the defendant of benefits otherwise available [such as challenging the accuracy of the evidence at the sentencing hearing or informing his attorney that the evidence is inaccurate] may be viewed as one additional cost of his wilful failure to appear for trial as directed." *People v. Emery* (1989), 190 Ill. App. 3d 171, 174, 546 N.E.2d 658, 660.

For the reasons stated, the judgment of the circuit court imposing a 12-year sentence upon the defendant is affirmed.

Affirmed.

LUND, P.J., and SPITZ, J., concur.