THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ANTWONE J. WILKES, Defendant-Appellant.

Fifth District No. 5—91—0205

Opinion filed August 12, 1992.

Daniel M. Kirwan and Stanley P. Stasiulis, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

Gary Duncan, State's Attorney, of Mt. Vernon (Norbert J. Goetten, Stephen E. Norris, and Diane L. Campbell, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CHAPMAN delivered the opinion of the court:

The defendant, Antwone Wilkes, was charged with unlawful delivery of a controlled substance. He entered a negotiated plea of guilty, under which he was to pay all court costs, a fine of $500, and a drug-traffic-prevention fine of $1,000 by September 4, 1990, and to appear on that day to begin serving a three-year term of imprisonment. The plea agreement also provided that if defendant failed to appear or to pay by that date, the court would be free to treat the matter as an open plea. Defendant did not complete payment by the deadline and was sentenced to seven years' imprisonment. He appeals. We vacate and remand.

On May 26, 1989, the defendant was charged with unlawful delivery of more than 10 but less than 30 grams of cocaine. Defendant was represented by private counsel, Larry Gibson, until June 13, 1990, at which time Gibson withdrew because defendant failed to pay him. On July 5, 1990, defendant alleged indigence and requested appointed counsel. The court ordered defendant to give the clerk jewelry defendant was then wearing as reimbursement to the county for not less than $300 for appointed counsel. The jewelry went directly to appointed counsel, but the court informed defendant that he could redeem it by paying $300 in cash. On July 6, 1990, Gibson was appointed to represent defendant.

On August 27, 1990, defendant entered into a negotiated plea which provided that the Class 1 felony would be reduced to Class 2 and defendant would be sentenced to three years' imprisonment, a fine of $500, and a drug-traffic-prevention fine of $1,000, plus court

costs, with payment and mittimus to be stayed until September 4, 1990, at 10 a.m.

After conducting a hearing in chambers, off the record, the court agreed to accept the plea. When tendered a sentencing order from the State's Attorney, the judge modified it to reflect that the negotiation would be void and the plea of guilty would be treated as an open plea if defendant did not pay the balance due by September 4, 1990. Defendant was informed of this modification in open court.

On September 4, 1990, the defendant surrendered himself, but he did not make payment. The court then reset the matter for resentencing. Two days later, on September 6, 1990, defense counsel requested leave for late payment and imposition of the negotiated sentence. The court took the request under advisement and confirmed the sentencing hearing was set for September 24, 1990.

At the September 24 hearing Gibson stated that he had erroneously informed defendant that he would owe approximately $700 after the $1,000 bond had been applied to fines and costs. Gibson stated that both he and the State had determined that same amount. He further believed that that amount had been discussed in chambers with the court.

Gibson also stated that he had been unaware of additional costs for defendant's extradition of around $700, and that no one had ever stated in open court the precise amount owed by defendant. When Gibson did inform defendant that the actual amount due was almost double the amount originally discussed, defendant had only two business days within which to obtain the additional $700. Though the defendant had the full amount available on September 5, 1990, and the State's Attorney had no objection to the additional $700 being paid late, Judge Irish could not be reached on that date.

The State's Attorney conceded that she had not considered the extradition costs and stated she had no objection to late payment, deferring to the court's discretion on the motion to reconsider.

The court denied late payment, stating that the defendant knew he had been extradited and that the court was entitled to assume that the parties were aware of the scope of their obligations. The court stated:

> "[T]his is not a question of the defendant being penalized from the Court's standpoint. It's a question of there having been an agreement which the State carried out on their side and the defendant did not carry out on his."

The court then resentenced the defendant to seven years' imprisonment, a street-value fine of $1,000 and court costs.

Defendant contends that because the trial court never determined if defendant's failure to pay was willful, this court should vacate the sentence and remand for a new sentencing hearing, order specific performance of defendant's original negotiated plea, or remand this cause for a hearing to determine the willfulness of defendant's failure to pay. The State counters that the defendant has waived his right to raise this issue and that, in any case, the "willfulness" of defendant's failure to pay is irrelevant.

 The Illinois Constitution states:

"No person shall be imprisoned for failure to pay a fine in a criminal case unless he has been afforded adequate time to make payment, in installments if necessary, and has willfully failed to make payment." (Ill. Const. 1970, art. I, §14.)

Along that same line, Illinois statutes provide:

"No defendant shall be committed to the Department of Corrections for the recovery of a fine or costs" (Ill. Rev. Stat. 1989, ch. 38, par. 1005—8—6(d));

and:

"Probation, conditional discharge, periodic imprisonment and supervision shall not be revoked for failure to comply with conditions of a sentence or supervision, which imposes financial obligations upon the offender unless such failure is due to his willful refusal to pay." Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(d).

 The State claims that the defendant has waived his right to contend that the trial court erred in failing to consider whether his failure to pay was willful. Towards this end the State cites *People v. Tharp* (1991), 217 Ill. App. 3d 429, 577 N.E.2d 492. *Tharp*, however, is easily distinguishable from the instant case. In *Tharp* the defendant motioned the trial court to reconsider the amount of restitution to be paid. The appellate court said that Tharp, by stating his willingness to pay restitution, and by urging the trial court to sentence him to probation and to order him to pay restitution up to the amount of $13,463.14, had waived any complaint about his ability to pay restitution. In the instant case, however, no specified amount due in costs and fines was ever stated, nor does it seem that either party or the court had correctly determined the exact sum. It should also be noted that in *Tharp* the trial court did reduce defendant's monthly payments and extend the total time in which restitution was to be made. The court, in *Tharp*, merely refused to reduce the total amount of restitution due. In the instant case, defendant asked only for a small delay in payment which the trial court here refused to grant, unlike

the trial court in *Tharp*. We find *Tharp* inapposite and, therefore, conclude there has been no waiver on the part of defendant.

In the alternative, the State argues that defendant's "willfulness," as regards his failure to pay, is irrelevant in that the trial court merely treated the plea agreement as open due to defendant's failure to fully comply with the agreement. Thus, the court did not revoke the defendant's sentence under section 5—6—4(d) of the Unified Code of Corrections, since it had never been entered but was, in fact, void.

Defendant, to the contrary, suggests that the trial court in effect sentenced him to an additional four years' imprisonment due to his failure to pay his fines and court costs by the prescribed deadline. Such a sentence, defendant argues, should not have been imposed absent a determination of defendant's "willfulness" in his failure to pay, according to section 5—6—4(d) of the Unified Code of Corrections (Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(d)).

We find this argument convincing. The terms of the plea agreement were all but finalized, and the defendant was ready to tender his fine and court costs, when the trial court decided that defendant had failed to comply and voided the agreement. Such an action was analogous to a revocation for failure to comply with conditions of a sentence or supervision, which imposes financial obligations upon the offender. Absent a determination that defendant's failure was due to a willful refusal to pay, the revocation should not have occurred. *People v. Boucher* (1989), 179 Ill. App. 3d 832, 535 N.E.2d 56; Ill. Rev. Stat. 1989, ch. 38, par. 1005—6—4(d).

The State, assuming *arguendo* that a determination of "willfulness" is applicable, argues that the trial court did comply with this requirement. The State points out numerous examples in the record which reflect on defendant's indigency and his ability or inability to pay the fines and costs due. The State claims that the court was well aware of defendant's financial situation and took the element of "willfulness" into consideration when reviewing the defendant's failure to pay. Unfortunately this assertion is not supported by the record.

While the record does seem to indicate that defendant was indigent and that the trial court was almost certainly aware of this, there is no evidence whatsoever which suggests that the trial court ever acknowledged that the defendant's "willfulness" in his failure to pay was even an issue to be considered. The court regarded the situation as merely "a question of there having been an agreement which the State carried out on their side and the defendant did not carry out on his." No mention of "willfulness" was ever made.

A court of review will not disturb a sentence imposed by a trial court unless it clearly appears that the penalty constitutes a great departure from the fundamental law and its spirit and purpose. (*People v. Carlson* (1980), 79 Ill. 2d 564, 587, 404 N.E.2d 233, 243.) If justice was originally to be served by the plea agreement, how is it better served by the addition of four years' imprisonment simply because of defendant's failure to make payment by one day? To paraphrase Cicero, extreme justice is often injustice. This is just such a case. We find that the sentence imposed by the trial court constituted a great departure from the fundamental law and its spirit and purpose. It also failed to consider the defendant's "willfulness" in his refusal to pay as required by section 5—6—4(d) of the Unified Code of Corrections. We, therefore, reverse and remand for a determination of defendant's willfulness as regards his failure to pay and for a resentencing in accordance with the dictates of this opinion.

Vacated and remanded.

GOLDENHERSH, P.J., and RARICK, J., concur.