THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY J. JACKSON, Defendant-Appellant.

Fourth District   No. 4—92—0283

Opinion filed December 31, 1992.

Daniel D. Yuhas, of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten and Robert J. Biderman, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In November 1991, the State charged defendant, Jerry J. Jackson, with resisting a peace officer (Ill. Rev. Stat. 1991, ch. 38, par. 31—1). In February 1992, defendant pleaded guilty to that charge in exchange for the State's agreement to dismiss an unrelated felony charge of unlawful possession of a weapon by a felon. The parties had no agreement as to any sentence that they would recommend be imposed. The court allotted the matter for sentencing hearing on March 9, 1992.

On that date, defendant failed to appear, but the trial court conducted a sentencing hearing anyway. At the conclusion of the hearing, the court sentenced defendant to 364 days in jail and asked defendant's counsel if she wanted a notice of appeal filed on behalf of her client. She responded, "I suppose that would be appropriate." Later that same day, the court entered a written order directing the circuit clerk to prepare and file a notice of appeal on defendant's behalf and appointing the office of the State Appellate Defender as counsel for defendant.

On March 31, 1992, the circuit clerk filed a notice of appeal for defendant. On April 3, 1992, defendant filed a motion to reconsider the sentence, alleging that (1) the court erred in sentencing him *in absentia*, and (2) his sentence was excessive. On April 23, 1992, the trial court conducted a hearing on that motion and held that it had lost jurisdiction to consider the motion because of the filing of the notice of appeal. The sole issue on appeal is whether the trial court erred in refusing to hear defendant's motion to reconsider. We hold that it did not and affirm.

■ In general, the filing of a notice of appeal is the only jurisdictional step required to perfect an appeal, and that filing deprives the trial court of jurisdiction. (*People v. Jones* (1984), 104 Ill. 2d 268, 283, 472 N.E.2d 455, 462; *People ex rel. Carey v. Scotillo* (1981), 84 Ill. 2d 170, 175-76, 417 N.E.2d 1356, 1359; 134 Ill. 2d R. 606(a).) However, Supreme Court Rule 604(d) (134 Ill. 2d R. 604(d)) requires a defendant

who wishes to appeal a guilty plea to first file a motion to withdraw it. (*People v. Wilk* (1988), 124 Ill. 2d 93, 107, 529 N.E.2d 218, 223.) Further, a defendant who wishes to appeal *only* the sentence imposed upon his guilty plea need not file a motion to withdraw the plea; instead, he should file a written motion attacking the sentence prior to appealing. *People v. Wallace* (1991), 143 Ill. 2d 59, 61, 570 N.E.2d 334, 335; *Wilk*, 124 Ill. 2d at 110, 529 N.E.2d at 224.

■ We hold that the trial court correctly determined that the filing of the notice of appeal deprived it of jurisdiction. When the court so ruled, perhaps defense counsel should have filed a motion to withdraw the notice of appeal, as well as motions for other relief, in order to comply with the requirements of the supreme court in *Wilk* and *Wallace*. However, defense counsel took no further action, and part of the difficulty counsel had with determining what procedural steps to take might have resulted from defendant's failure to previously appear as the court directed. In a different context regarding defendants who fail to appear when directed, this court wrote the following:

"[D]efendants who wilfully choose to disregard court orders to appear at trial or sentencing hearings are entitled to no succor or sympathy from the trial courts or this court. ***

*** 'The loss to the defendant of benefits otherwise available [such as consulting with his counsel about post-sentencing strategies] may be viewed as one additional cost of his wilful failure to appear *** as directed.' " *People v. Burcham* (1991), 208 Ill. App. 3d 939, 943, 566 N.E.2d 832, 835.

■ As a last matter, we note that after the trial court ruled that it had no jurisdiction to entertain defendant's motion to reconsider sentence, it referred to its earlier remarks at the March 9, 1992, hearing in which it addressed the *Wallace* case as follows:

"Even though you have a right to file a motion to reconsider, *that would be a useless act on your part*, because based upon the evidence before me, I would reimpose the same sentence and reaffirm the sentence that I imposed of the 364 days in jail in this matter, plus costs. I am not sure, with me having said that, that a motion to reconsider is a condition precedent." (Emphasis added.)

We point out that the "useless act" the trial court referred to is one which the Illinois Supreme Court, in its wisdom, has deemed mandatory. (See *Wallace*, 143 Ill. 2d at 61, 570 N.E.2d at 335; *Wilk*, 124 Ill. 2d at 103, 529 N.E.2d at 221 ("[a]t the risk of stating the obvious, it should be pointed out that the rules adopted by this court *** are in fact rules of procedure and not suggestions").) Accordingly, we hold

it is error for a trial court to prejudge the matter, as attempted here, in an effort to short-circuit the requirements of supreme court rules. Motions to reconsider remain conditions precedent.

For the reasons stated, we affirm the judgment of the circuit court.

Affirmed.

KNECHT, J., concurs.

JUSTICE McCULLOUGH, dissenting:

The trial court erred when it stated the "motion to reconsider the sentence must be stricken, because it is untimely filed." The notice of appeal and the motion to reconsider sentence were filed within 30 days of sentencing. On March 31, 1992, the notice of appeal was filed by the Champaign County circuit clerk on defendant's behalf. On April 3, 1992, the motion to reconsider the sentence was filed. On April 23, 1992, a hearing was conducted on the motion to reconsider the sentence at which the trial judge determined that, once the notice of appeal was filed, the circuit court was divested of jurisdiction and the motion to reconsider the sentence must be stricken.

At the hearing on the motion to reconsider sentence on April 23, 1992, prior to proceeding, the State suggested to the court that the motion was not properly before the court "given the notice of appeal that was filed."

The trial court then in reviewing the prior hearing indicated, "Even though you have a right to file a motion to reconsider, that would be a useless act on your part, because based upon the evidence before me, I would reimpose the same sentence ***. I am not sure, with me having said that, that a motion to reconsider is a condition precedent."

The court then said, "However, I am convinced beyond any doubt that once the notice of appeal has been filed and the Appellate Defender has been appointed as counsel in this court, that the Court has lost jurisdiction and that your motion to reconsider the sentence must be stricken, because it's untimely filed. *** The Court finds that the motion to reconsider sentence filed by the defendant is untimely and because the Court has lost jurisdiction since the filing of the notice of appeal on March 31st, 1992."

The trial court in the exercise of its discretion could have dismissed the appeal. Its response, however, was to the effect that it could do nothing. In civil cases, if a post-trial motion is timely filed,

even if it is preceded by the filing of a notice of appeal, the filing of the post-trial motion tolls the time for filing the notice of appeal and requires the withdrawal of the notice of appeal. (134 Ill. 2d R. 303(a)(2).) The corresponding rule in criminal cases has not been so amended (134 Ill. 2d R. 606) and Illinois Supreme Court Rule 303(a)(2) has not been made to apply to appeals in criminal cases. (See 134 Ill. 2d R. 612.) However, dismissal of an appeal pursuant to Supreme Court Rule 309 is appropriate where both a notice of appeal and a timely post-trial motion are on file. (134 Ill. 2d R. 309.) Supreme Court Rule 309 applies to criminal proceedings. (134 Ill. 2d R. 612(a).) The rule available in civil cases should also be applied here.

Although defendant did not specifically ask leave to dismiss the appeal, the trial court erred when it stated it had lost jurisdiction— without exercising its discretion to dismiss the appeal and allow ·a hearing on the motion to reconsider the sentence—due to an incorrect belief that it had no discretion. (134 Ill. 2d Rules 309, 612(a); *People v. Queen* (1974), 56 Ill. 2d 560, 310 N.E.2d 166; see also *Mizell v. Passo* (1992), 147 Ill. 2d 420, 428, 590 N.E.2d 449, 452.) Defendant's counsel sufficiently brought it to the court's attention, "I also believe that the appeal has not been perfected in some way. If there is error and it can be corrected, I would like to do that."

The record is clear that the trial court found it had lost jurisdiction and had no discretion to grant any relief. As in *Queen*, it had discretion but refused to exercise it.