THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JOSEPH CLARK, Defendant-Appellant.

Fourth District    No. 4—93—0736

Opinion filed January 12, 1995.

Daniel D. Yuhas and Arden J. Lang, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Difanis, State's Attorney, of Urbana (Norbert J. Goetten, Robert J. Biderman, and James Majors, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

PRESIDING JUSTICE KNECHT delivered the opinion of the court:

Defendant Joseph Clark appeals from a decision by the trial court revoking his sentence of conditional discharge and resentencing him to 180 days' incarceration. We affirm.

On November 3, 1992, defendant pleaded guilty to criminal trespass and was sentenced to 12 months' conditional discharge and 30 days' incarceration with credit for time served. Defendant was ordered to pay a probation monitoring fee of $5 per month for 12 months, court costs, a fine of $100, and restitution of $35, all within 180 days. He also was to have no contact with Tracy Clark or her residence. Defendant did not object to the sentence, including the terms involving court-ordered financial obligations.

On May 21, 1993, the State filed a petition to revoke defendant's conditional discharge. The State alleged defendant willfully violated the rules of conditional discharge by failing to pay costs and restitution as ordered. Defendant was served with notice of a hearing on June 21, but failed to appear. The State provided proof of service on the defendant for a hearing on June 21, and the court issued a

warrant for defendant's arrest, with bond set at $2,500. Defendant appeared in court on July 15 pursuant to the warrant and was released on a recognizance bond. At his appearance, a hearing on the petition to revoke was set for July 26.

On July 26, defendant failed to appear. Defendant's appointed counsel objected to proceeding and moved for a continuance because he would not agree defendant had been admonished about a trial *in absentia*. The State presented a copy of defendant's bond sheet, signed by defendant, which advised him a hearing could take place in his absence. The trial court overruled defense counsel's objection and proceeded with the hearing in defendant's absence. The trial court consolidated the hearing with a hearing on a petition for an order of protection against defendant.

In the portion of the hearing concerning the revocation issue, the State called one witness. Kathy Bergstrom, a court clerk, testified that as of that morning, defendant had paid *nothing* on the probation monitoring fee, court costs, fine, or restitution.

Defense counsel offered no testimony or evidence on defendant's behalf. The trial court took judicial notice of its own records in defendant's proceeding. In the record was defendant's financial affidavit, signed on August 17, 1992, at the time of his arrest for criminal trespass, in support of a petition for appointed counsel. In his affidavit, defendant declared he had been working for one year with a monthly income of $650. Defendant expected his employment to continue. He also declared he had no debts.

After the close of arguments, the court found in favor of the State and against defendant on the revocation issue. From the bench, the trial court found as follows:

"[D]efendant has, in fact, violated the conditions of his conditional discharge here, by not paying the fine and costs and restitution within the time period that he agreed to, pursuant to his plea agreement and my order that I gave him a copy of in these proceedings November the 3rd, 1992."

The docket entry indicates "[t]he Court enters a finding in favor of the [P]eople and against the defendant." The trial court vacated the prior sentence of conditional discharge and sentenced defendant to 180 days' incarceration, with credit for 30 days' time previously served. On July 27, defendant filed motions to reduce sentence, and for a new hearing, alleging the State had failed to show defendant's failure to pay was willful. On August 5, the trial court denied the motions, but amended the credit for time served from 30 days to 102 days. Defendant now appeals.

■ Before we address the merits of defendant's argument, we first

address the State's contention this court lacks subject-matter jurisdiction over this appeal. Specifically, the State contends defendant's notice of appeal was defective in several respects: a vagueness of the relief requested, a difference in relief requested from the trial level, and an improperly titled motion for new trial at the trial level.

The State has provided only a single citation supporting the general proposition a properly filed notice of appeal is jurisdictional. The State has offered not a single citation of any authority in support of its contentions regarding *specific* defects in the notice of appeal which allegedly warrant dismissal for lack of jurisdiction. It would have been helpful for the State to have provided such authority.

We conclude the State's arguments on this issue are without merit. Assuming the State has correctly noted errors in defendant's notice of appeal, these errors are technical in nature. This court has declared:

> "A notice of appeal is to be liberally construed. [Citation.] Where an existing deficiency is one of form and not substance *** appellate jurisdiction may still be conferred if the notice fairly and accurately advises the successful party of the nature of the appeal. Accordingly, if the appellee is not prejudiced thereby, the absence of strict compliance with form will not be fatal." (*In re Marriage of Betts* (1987), 159 Ill. App. 3d 327, 330, 511 N.E.2d 732, 734.)

Here, as in *Betts*, the State was not prejudiced by any technical defects in defendant's notice of appeal. The State "was clearly apprised of what was being appealed." (*Betts*, 159 Ill. App. 3d at 330, 511 N.E.2d at 734.) This court has jurisdiction to consider the merits of defendant's appeal.

■ Turning to the merits, defendant asserts the trial court erred in revoking his conditional discharge because there was no evidence he willfully failed to pay court costs and restitution. Section 5—6—4(d) of the Unified Code of Corrections (Code) states:

> "(d) Probation, conditional discharge, periodic imprisonment and supervision shall not be revoked for failure to comply with conditions of a sentence or supervision, which imposes financial obligations upon the offender unless such failure is due to his willful refusal to pay." (730 ILCS 5/5—6—4(d) (West 1992).)

In addition, section 5—5—6(i) of the Code declares:

> "A sentence of restitution may be modified or revoked by the court if the offender commits another offense, or the offender fails to make restitution as ordered by the court, but no sentence to make restitution shall be revoked unless the court shall find that the offender has had the financial ability to make restitution, and he has wilfully refused to do so." (730 ILCS 5/5—5—6(i) (West 1992).)

Willful failure to pays means a voluntary, conscious and intentional failure. (*People v. Davis* (1991), 216 Ill. App. 3d 884, 888, 576 N.E.2d 510, 513.) Willfulness generally may be inferred from the actor's conduct and from other circumstances. (*Davis*, 216 Ill. App. 3d at 890, 576 N.E.2d at 514.) The State has the burden of proving a violation of a conditional discharge by a preponderance of the evidence. (730 ILCS 5/5—6—4(c) (West 1992).) The trial court's ruling on a petition to revoke probation will not be disturbed on appeal unless it is against the manifest weight of evidence. *Davis*, 216 Ill. App. 3d at 888, 576 N.E.2d at 513.

Most cases involving the revocation of probation or conditional discharge based on nonpayment of a financial obligation involve a lack of evidence to rebut the defendant's explanation the failure to meet financial obligations was not willful. (See *People v. Keck* (1992), 226 Ill. App. 3d 937, 590 N.E.2d 529; *People v. Wilkes* (1992), 232 Ill. App. 3d 669, 597 N.E.2d 945.) However, this case is most analogous to *Davis*.

In *Davis*, the defendant was ordered to pay restitution as a condition of probation. Defendant made some initial payments as ordered, but later reduced and then ceased making payments, allegedly because she was unemployed. At the defendant's probation revocation hearing, the defendant presented no evidence. The trial court revoked the defendant's probation for failure to pay restitution, and the defendant appealed. In reversing the trial court's decision, the appellate court first noted several cases where a trial court's revocation had been reversed because the defendant's explanation for nonpayment had gone unrebutted. The court then declared:

"We note that these cases differ somewhat from the instant case because here defendant did not present any evidence. Accordingly, it is difficult to derive from the cases a general rule as to what evidence the State must present to support a finding of willfulness. Here, however, the strength of the State's evidence, though unrebutted, was undercut by two factors. First, the State's only witness had no knowledge of defendant's efforts to find work. Second, even though defendant did not testify, the State's witness related the crux of defendant's explanation for her unemployment. On the facts in this record, we hold that the State failed to meet its burden in the instant case. *** [I]n the present context, simply providing evidence of the probationer's unemployment, without more, is not sufficient to show willfulness." *Davis*, 216 Ill. App. 3d at 890, 576 N.E.2d at 514.

■ This case differs from *Davis*, however, in several respects. First, here, defendant not only did not testify, but also *failed* to appear at the hearing although he had been given notice of the

hearing and had been informed about the possibility of a hearing in his absence. By doing this, defendant deprived the State of the opportunity to call him as a witness to elicit testimony tending to show defendant's failure to pay was willful. (*People v. Martin* (1992), 226 Ill. App. 3d 753, 759, 589 N.E.2d 815, 818 (State may call defendant to testify at a revocation hearing).) Therefore, absent any showing of good cause for defendant's failure to appear at his revocation hearing, any speculation about his potential testimony should be construed against him and in favor of the State. This court has stated, in the context of a sentencing hearing, "[t]he law provides the means for a defendant to be heard in order to fully protect his rights at the sentencing hearing, and his wilful failure to appear ought properly be viewed as a self-inflicted wound." *People v. Burcham* (1991), 208 Ill. App. 3d 939, 943, 566 N.E.2d 832, 835.

Second, no State witness testified as to *any* explanation defendant might have had for the nonpayment of his court-ordered financial obligations. Nor did defense counsel attempt to elicit any such testimony during cross-examination. Further, defense counsel did not offer any explanation on defendant's behalf. In short, at no time did the court hear any explanation for defendant's nonpayment.

Third, the trial court took judicial notice of its own records in defendant's proceeding. In the record was defendant's financial affidavit in support of a petition for appointed attorney, signed on August 17, 1992. In his affidavit, defendant declared he had been working for one year with a monthly income of $650, expected his employment to continue, and had no debts. Thus, the record indicated financial stability on defendant's part less than three months prior to the imposition of court-ordered financial obligations, and less than a year before the revocation hearing.

Fourth, unlike in *Davis*, defendant here made *no* payments—sporadic, reduced, or otherwise—toward his fine, court costs, restitution, or probation monitoring fee. Although defendant's financial affidavit showed he was financially stable less than three months prior to his sentencing, and although he made no objection to the imposition or payment schedule of financial obligations, he did not pay even the $5 probation monitoring fee in the first month immediately following sentencing.

Defendant accepted the plea agreement without objection. He cannot now argue he was not financially able to pay $5 during the month immediately following his sentencing. (*People v. Tharp* (1991), 217 Ill. App. 3d 429, 577 N.E.2d 492 (defendant could not object to sentence of restitution when he had invited action by trial court).) Failure to pay such a small amount when one has given every

indication of the financial ability to do so is a strong indication of willfulness. Willful failure to make even one $5 payment is sufficient for revocation of defendant's conditional discharge. *People v. Bell* (1991), 219 Ill. App. 3d 264, 579 N.E.2d 1154 (a defendant must have strict compliance, not merely substantial compliance, with terms of probation).

Given defendant's conduct and the circumstances in this case, the trial court's decision to revoke defendant's conditional discharge was not against the manifest weight of evidence. The evidence was sufficient to show defendant had the financial ability to pay at least some of his court-ordered financial obligations during part of his conditional discharge. Defendant was given ample notice and time to satisfy the financial conditions of his discharge, but failed to do so. Further, by failing to appear at the hearing of which he had notice, defendant not only failed to offer any explanation for his nonpayment, but deprived the State of the possibility of calling him as a witness. This evidence was sufficient to support a finding defendant's failure to pay was willful.

Moreover, the State cannot be expected to make defendant's case for him. Although the burden is on the State to show willfulness, the State need not manufacture an excuse on an absent defendant's behalf, and then rebut that same excuse. "We are not prepared *** to place defendants who choose not to appear at their [revocation] hearings in a better position than those who do appear. To hold otherwise would make a mockery of the criminal law." *Burcham*, 208 Ill. App. 3d at 942, 566 N.E.2d at 835.

Defendant cites several cases in support of his proposition he should be granted a new hearing because the State failed to offer any evidence of willfulness. However, as we have just explained, there was sufficient evidence of willfulness to support the revocation of defendant's conditional discharge.

Defendant cites the same cases for the proposition the trial court erred by failing to enter an express finding regarding defendant's willfulness. The trial court did not discuss defendant's willfulness when issuing its bench ruling. However, the petition for revocation alleged defendant had willfully failed to pay court costs and restitution. The docket sheet reflects "[t]he Court enters a finding in favor of the [P]eople and against the defendant." Thus, the trial court granted a petition alleging willfulness. The trial court impliedly found all of the allegations in the petition true, including the allegation of willfulness. Further, the evidence was sufficient to support this finding. Given these facts, the cases cited by defendant as support for his argument are distinguishable.

In *People v. Holt* (1986), 151 Ill. App. 3d 337, 502 N.E.2d 767, the appellate court reversed the trial court's revocation because the trial court did not make a finding as to willfulness, the petition to revoke did not allege defendant's failure to pay was willful, defendant was not admonished as to the necessary showing of willfulness, and there was no evidence of defendant's willfulness. Here, the petition to revoke alleged defendant's failure to pay was willful, and there was evidence of defendant's willfulness.

In *People v. Boucher* (1974), 57 Ill. 2d 225, 311 N.E.2d 679, the supreme court vacated the trial court's revocation because the trial court did not make a finding as to willfulness, the defendant offered an explanation for his nonpayment, and the record was insufficient to determine the character of defendant's noncompliance. In *People v. Harder* (1975), 59 Ill. 2d 563, 322 N.E.2d 470, the supreme court reversed the trial court's revocation because the trial court did not make a finding as to willfulness, defendant offered an explanation for nonpayment, and there was nothing in the record to support a finding of willfulness. Here, defendant has failed to offer any explanation for his nonpayment, and there is sufficient evidence in the record to support a finding of willfulness.

One other case not cited by defendant, *Wilkes*, is distinguishable as well. In *Wilkes*, the trial court revoked a plea agreement based on the defendant's failure to pay a fine and court costs. The appellate court vacated and remanded because the trial court made no finding of willfulness, and no allegation of willfulness was ever made, so it could not be determined if the trial court had taken willfulness into consideration. Here, the petition to revoke alleged willfulness, and the trial court granted the petition. Thus, the trial court impliedly entered a finding of willfulness. The failure to enter an express finding of willfulness, standing alone, was not error.

As we have decided in favor of the State for the reasons stated, we need not reach the State's arguments concerning harmless error or waiver. The judgment of the trial court is affirmed.

Affirmed.

GREEN and McCULLOUGH, JJ., concur.