NO. 4-05-0851      Filed 6/16/06

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | |
|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS,<br>        Plaintiff-Appellee,<br>        v.<br>STACEY D. BATES,<br>        Defendant-Appellant. | ) Appeal from<br>) Circuit Court of<br>) Macon County<br>) No. 03CF889<br>)<br>) Honorable<br>) Albert G. Webber,<br>) Judge Presiding. |

_____

JUSTICE STEIGMANN delivered the opinion of the court:

In November 2003, a jury convicted defendant, Stacey D. Bates, of attempt (bribery) (720 ILCS 5/8-4(a), 33-1(a) (West 2002)). In January 2004, the trial court sentenced defendant in absentia to two years in prison and assessed court-appointed counsel fees totaling $520.

Defendant appeals, arguing only that the reimbursement order must be vacated because the trial court failed to conduct a hearing on his ability to pay. We disagree and affirm.

I. BACKGROUND

In August 2003, the State charged defendant with attempt (bribery) and two counts of aggravated assault (720 ILCS 5/12-2(a)(1) (West 2002)), and defendant posted a $1,000 cash bond. The bond form defendant signed indicated that, as a condition of the bond, he would appear in court as directed and his bond might be forfeited for a violation of any of the bond conditions.

In November 2003, the trial court severed the attempt (bribery) charge from the remaining charges. Following a trial, the jury convicted defendant. The court initially set sentencing for December 2003, but at defendant's request, the court continued sentencing to January 2004.

At the January 2004 sentencing hearing, defense counsel filed a motion to continue, which alleged as follows: (1) defendant called defense counsel at 10:34 p.m. the previous evening and left a message stating that his car had broken down near East St. Louis, Illinois, and (2) that morning, defense counsel spoke with defendant's fiancée, who indicated that defendant intended to take the bus back to Decatur. The trial court took defendant's motion under advisement and continued the cause until 3:30 p.m. that day. The docket sheet contains a second entry for that same day, noting (1) the presence of both counsel, (2) a stipulation to waive the presence of a court reporter, (3) the court's granting of the State's motions for issuance of a bench warrant and forfeiture of defendant's bond, and (4) the rescheduling of the sentencing hearing for the next day at 2 p.m.

The next day, the cause was again called for sentencing, and defendant was again not present. Defense counsel stated that defendant advised him he would be in court at 2 p.m. Noting the time was almost 2:10 p.m., the trial court proceeded with the sentencing hearing at the State's request and over defense counsel's objection. As earlier stated, the court sentenced

defendant to two years in prison and assessed court-appointed counsel fees totaling $520.  Defendant was later arrested, and this appeal followed.

## II. DEFENDANT'S CLAIM THAT THE TRIAL COURT FAILED TO INQUIRE INTO HIS ABILITY TO PAY APPOINTED-COUNSEL FEES

Relying on section 113-3.1(a) of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/113-3.1(a) (West 2002)) and People v. Love, 177 Ill. 2d 550, 687 N.E.2d 32 (1997), defendant argues that the reimbursement order should be vacated because the trial court failed to inquire into his ability to pay prior to entering the order.  We disagree.

Although defendant is correct that in Love, 177 Ill. 2d at 556, 687 N.E.2d at 35, the Supreme Court of Illinois held that section 113-3.1(a) of the Code requires that the trial court, prior to ordering reimbursement, conduct a hearing to determine the defendant's ability to pay for court-appointed counsel, it must be remembered that the defendant in Love was present at his sentencing, thereby permitting the court to make such an inquiry.  However, defendant here was sentenced in absentia because he failed to appear at his sentencing hearing as the trial court had directed.  As this court has previously observed:

> "[D]efendants who wilfully choose to disre-
> gard court orders to appear at trial or sen-
> tencing hearings are entitled to no succor or
> sympathy from the trial courts or this court.
>  ***  The law provides the means for a defen-
> dant to be heard in order to fully protect

his rights at the sentencing hearing, and his wilful failure to appear ought properly be viewed as a self-inflicted wound." People v. Burcham, 208 Ill. App. 3d 939, 943, 566 N.E.2d 832, 835 (1991).

Among the "self-inflicted wounds" that a defendant suffers by failing to appear at his sentencing hearing is the forfeiture of section 113-3.1's procedural right to have the trial court inquire into his ability to pay a court-appointed counsel fee before so ordering. By absenting himself from the sentencing hearing (at the conclusion of which such reimbursement orders are usually entered), a defendant renders any such inquiry nugatory.

In reaching this conclusion, we view this court's recent decision in People v. Kelly, 361 Ill. App. 3d 515, 838 N.E.2d 236 (2005), as supportive. However, the application of this decision is broader than Kelly because that decision focused on section 115-4.1(a) of the Code (725 ILCS 5/115-4.1(a) (West 2002)), which addresses the use of posted bond monies to pay counsel. Here, we hold that whenever a defendant fails to appear for sentencing, the trial court may enter a reimbursement order, pursuant to section 113-3.1 of the Code (725 ILCS 5/113-3.1 (West 2002)), without inquiring into the defendant's ability to pay, no matter how the court directs that order to be paid.

### III. CONCLUSION

For the reasons stated, we affirm the trial court's

judgment.

Affirmed.

APPLETON and MYERSCOUGH, JJ., concur.