Filed 10/29/09          NO. 4-09-0195

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

| | | |
|---|---|---|
| THE CARLE FOUNDATION, an Illinois Not-for-Profit Corporation, | ) ) | Appeal from Circuit Court of |
|       Plaintiff-Appellee, | ) | Champaign County |
|       v. | ) | No. 08L202 |
| THE ILLINOIS DEPARTMENT OF REVENUE; and | ) | |
| BRIAN HAMER, in His Official Capacity as Director | ) | |
| of the Illinois Department of Revenue, | ) | |
|       Defendants-Appellants, | ) | |
|       and | ) | |
| THE CHAMPAIGN COUNTY BOARD OF REVIEW; | ) | |
| STAN JENKINS, DAN STEBBINS, and LAURA | ) | |
| SANDEFUR, in Their Official Capacity as Members | ) | |
| of the Champaign County Board of Review; THE | ) | |
| CHAMPAIGN COUNTY ASSESSMENT OFFICE; | ) | |
| JOE MEENTS, in His Official Capacity as Champaign | ) | |
| County Interim Supervisor of Assessments; JOANNE | ) | |
| M. CHESTER, in Her Official Capacity as | ) | |
| Cunningham Township Assessor; and DANIEL J. | ) | |
| WELCH, in His Official Capacity as Champaign | ) | Honorable |
| County Treasurer, | ) | Richard P. Klaus, |
|       Defendants. | ) | Judge Presiding. |

JUSTICE APPLETON delivered the opinion of the court:

Plaintiff, the Carle Foundation (Foundation), filed a complaint requesting a judicial declaration pursuant to section 23-25(e) of the Property Tax Code (Code) (35 ILCS 200/23-25(e) (West 2006)) that four parcels of land it used in connection with the operation of its hospital in Urbana were exempt from property taxes for the years 2004 through 2007. Defendant, the Illinois Department of Revenue (Department), filed a

motion to dismiss the complaint for failure to state a cause of action, and the circuit court denied the motion.

The circuit court, however, certified two questions for interlocutory review pursuant to Supreme Court Rule 308(a) (155 Ill. 2d R. 308(a)), and we granted the Department's application for leave to appeal. The first question concerns the proper interpretation of section 23-25(e) (35 ILCS 200/23-25(e) (West 2006))--a provision of the Code no reported decision seems to have ever interpreted--and the second question concerns the applicability of the common-law doctrine of election of remedies. In this opinion, we answer both questions (except for some parts of the first question, to avoid deciding an issue that is moot or giving an opinion that is merely academic), and we remand this case for further proceedings.

## I. BACKGROUND

In December 2007, the Foundation filed a complaint invoking section 23-25(e) of the Code (35 ILCS 200/23-25(e) (West 2006)). According to the Foundation, this statutory provision allowed the Foundation to come directly to the circuit court and request the restoration of exemptions for the four parcels for the years 2004 through 2007. The Foundation alleged it was using these parcels as an acute-care licensed hospital and the Department previously exempted them from taxation on the ground of their charitable use. On June 28, 2004, however, the assessor of Cunningham Township, Joanne Chester, notified the Foundation that the four parcels henceforth would be on the tax rolls.

The Foundation alleged it then applied to the county board of review for

an exemption of the four parcels for 2004 and 2005 but the board denied the applications and in February 2007, the Department upheld the denials. See 35 ILCS 200/16-70 (West 2006). (The Foundation did not seek administrative relief from assessments of the parcels for the year 2006 or 2007.) The Foundation further alleged that pursuant to section 8-35(b) (35 ILCS 200/8-35(b) (West 2006)), it had applied for an administrative hearing before the Department with respect to the denial of exemptions for 2004 and 2005. The Foundation believed, however, that the litigation it had initiated by its complaint in this case would render those administrative proceedings moot. The Foundation stated it would seek to stay the administrative proceedings pending the outcome of this litigation.

The Foundation acknowledged that, normally, a party must contest the denial of an exemption by first exhausting administrative remedies and only then seeking judicial review pursuant to section 8-40 of the Code (35 ILCS 200/8-40 (West 2006)). The Foundation maintained, however, that section 23-25(e) (35 ILCS 200/23-25(e) (West 2006)) carved out an exception to the requirement of exhaustion of administrative remedies, allowing a party to come directly to court if (1) a property owner previously obtained a decision by the Department or a court that the property was exempt from taxation, (2) local or state officials purported to revoke that exemption for another tax assessment year, and (3) the taxpayer's present grounds for seeking an exemption were comparable to those for which an exemption previously was granted.

The Foundation sought a judicial declaration that the four parcels were, as before, exempt from taxation for the years 2004 through 2007 on the ground of

- 3 -

charitable use. The Foundation also sought an injunction requiring the interim supervisor of assessments, Joe Meents, to issue certificates of error to that effect (see 35 ILCS 200/14-25 (West 2006)) and requiring the county treasurer, Daniel J. Welch, to refund the taxes the Foundation had paid on those parcels for 2004 through 2007.

In its motion for dismissal pursuant to section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2006)), the Department argued that section 23-25(e) (35 ILCS 200/23-25(e) (West 2006)) did not create a private right of action and that the Foundation's complaint--which really, the Department argued, was a tax objection complaint pursuant to section 23-10 (35 ILCS 200/23-10 (West 2006))--was untimely because section 23-10 required that such complaints seeking to establish an exemption be brought "within 75 days after the first penalty date of the final installment of taxes for the year in question." In a reply memorandum, the Department further argued that the Foundation's complaint conflicted with the doctrine of election of remedies, for the complaint alleged that the Foundation had petitioned for an administrative hearing with the Department over its denial of an exemption for the tax years 2004 and 2005, and the administrative remedy, once chosen, was exclusive with respect to those years.

The circuit court denied the Department's motion to dismiss the complaint as legally insufficient. On March 3, 2009, however, the court certified the following questions pursuant to Rule 308:

"Question No. 1

Does the term 'court proceedings to establish an

exemption[,]' in [section] 23-25(e) of the *** Code [(35 ILCS 200/23-25(e) (West 2006)),] refer to any or all of the following:

(a) a cause of action, not otherwise specifically provided for by the *** Code, to establish a tax exemption for a specific assessment year for property determined to have been exempt, on comparable grounds, for a prior or subsequent year;

(b) proceedings following the filing of a tax objection complaint pursuant to [section] 23-10 of the *** Code [(35 ILCS 200/23-10 (West 2006))] in order to preserve defenses to the entry of judgment against properties in the delinquent list under [section] 21-175 of the *** Code [(35 ILCS 200/21-175 (West 2006))];

(c) proceedings to delay payment of property taxes during the pendency of administrative proceedings to contest a party's eligibility for a property tax exemption; or

(d) some other category of proceedings?

Question No. 2

If the term 'court proceedings to establish an exemption[,]' in [section] 23-25(e) of the *** Code [(35 ILCS 200/23-25(e) (West 2006)),] includes a cause of action not otherwise specifically provided for by the *** Code, as set forth in [q]uestion [No.] 1(a), may a party seek relief through such proceedings for a given tax year once it has sought a hearing in the Department *** pursuant to [section] 8-35 of the *** Code [(35 ILCS 200/8-35 (West 2006))] for the same year?"

On April 9, 2009, we granted the Department's application for leave to appeal.

## II. ANALYSIS

### A. Certified Question No. 1

#### (1) Certified Question No. 1(a)

Certified question No. 1(a) is as follows: "Does the term 'court proceedings to establish an exemption[,]' in [section] 23-25(e) of the *** Code [(35 ILCS 200/23-25(e) (West 2006)),] refer to *** a cause of action, not otherwise specifically provided for by the *** Code, to establish a tax exemption for a specific assessment year for property determined to have been exempt, on comparable grounds, for a prior or subsequent year[?]"

This question requires us to interpret both subsection (a) and subsection (e) of section 23-25 of the Code (35 ILCS 200/23-25(a), (e) (West 2006)), for, as we

- 6 -

shall see, subsection (e) refers to subsection (a). Of course, we interpret statutes <u>de</u>

<u>novo</u>. <u>In re Marriage of Waller</u>, 339 Ill. App. 3d 743, 747, 791 N.E.2d 674, 678 (2003).

These two subsections, (a) and (e), abound with citations to other sections

of the Code, so we will take the subsections one at a time. Subsection (a) provides as

follows:

"§23-25. Tax exempt property; restriction on judicial

determinations.

(a) No taxpayer may file an objection as provided in

[s]ection 21-175 [(35 ILCS 200/21-175 (West 2006))] or

[s]ection 23-10 [(35 ILCS 200/23-10 (West 2006))] on the

grounds that the property is exempt from taxation, or

otherwise seek a judicial determination as to tax exempt

status, except as provided in [s]ection 8-40 [(35 ILCS

200/8-40 (West 2006))] and except as otherwise provided

in this [s]ection and [s]ection 14-25 [(35 ILCS 200/14-25

(West 2006))] and [s]ection 21-175 [(35 ILCS 200/21-175

(West 2006))]." 35 ILCS 200/23-25(a) (West 2006).

It is impossible to understand subsection (a) of section 23-25 without

some acquaintance with the sections of the Code it cites. We will provide a brief

introduction to the sections that subsection (a) cites, and then, with the benefit of that

introduction, we will return to subsection (a).

Section 21-175 (35 ILCS 200/21-175 (West 2006)) says that when the

county collector applies for a judgment and order of sale for unpaid property taxes, the circuit court may entertain defenses to the entry of judgment against the property. The statutory exemption of the property from taxation would be one such defense. The objector must assert the defense in writing, and unless the Code excuses the objector from doing so, the objector also must pay the taxes under protest pursuant to section 23-5 (35 ILCS 200/23-5 (West 2006)) and file a tax objection complaint pursuant to section 23-10 (35 ILCS 200/23-10 (West 2006)).

Whereas section 21-175 (35 ILCS 200/21-175 (West 2006)) offers a defensive procedure for asserting an objection to the property tax, section 23-10 (35 ILCS 200/23-10 (West 2006)) offers an offensive procedure: the filing of a tax objection complaint. The circuit court, sitting without a jury, shall hear and determine all objections in the complaint. 35 ILCS 200/23-15(b)(1) (West 2006).

Section 8-40 (35 ILCS 200/8-40 (West 2006)) is entitled "Applicability of Administrative Review Law" and provides as follows:

"The circuit court for the county in which a property

is assessed[] or some part of such property[] is situated may

review all final administrative decisions of the Department

[of Revenue (Department)] in administering this Code. The

Administrative Review Law [(735 ILCS 5/3-101 through 3-

113 (West 2006))] and the rules adopted under it apply to

and govern all proceedings for the judicial review of final

administrative decisions of the Department under [s]ection

8-35 [35 ILCS 200/8-35 (West 2006))]."  35 ILCS 200/8-40
(West 2006).

Subsection (b) of section 8-35 (35 ILCS 200/8-35(b) (West 2006))--the section referenced in section 8-40--sets forth the administrative procedures by which the Department decides applications for exemptions, i.e.,  an initial decision, followed by a request for a hearing, followed by a second decision, followed by a request for rehearing (if the party chooses to request a rehearing), followed by a ruling thereon.  Thus, under section 8-40, the Administrative Review Law governs judicial review of the Department's final decision on an application for exemption.

Section 14-25 (35 ILCS 200/14-25 (West 2006)) says that if the Department approves an exemption or if a court does so pursuant to the Administrative Review Law, the county assessor shall issue a certificate of error.

With that introduction to the cross-references in subsection (a) of section 23-25 (35 ILCS 200/23-25(a) (West 2006)), we return to subsection (a).  Again, it provides as follows:

"(a) No taxpayer may file an objection as provided in [s]ection 21-175 [(defense to application for judgment and order of sale)] or [s]ection 23-10 [(tax objection complaint)] on the grounds that the property is exempt from taxation, or otherwise seek a judicial determination as to tax exempt status, except as provided in [s]ection 8-40 [(applicability of Administrative Review Law)] and except as otherwise pro-

vided in this [s]ection and [s]ection 14-25 [(certificate of error)] and [s]ection 21-175."  35 ILCS 200/23-25(a) (West 2006).

Because sections 21-175 and 23-10 are merely examples of "seek[ing] a judicial determination as to tax exempt status," the main clause of subsection (a) is reducible to the idea that "[n]o taxpayer may *** seek a judicial determination as to tax exempt status."  Then the sentence concludes with two adverbial "except" clauses.  The first "except" clause says that no taxpayer may seek a judicial determination as to tax exempt status except in the manner stipulated in the Administrative Review Law.  The second "except" clause is somewhat enigmatic in the way it lumps sections 23-25, 14-25, and 21-175 together conjunctively (with "ands") in a separate grammatical unit.  Also, the statement that "[n]o taxpayer may file an objection as provided in [s]ection 21-175 *** except as *** provided in *** [s]ection 21-175" is circular.  35 ILCS 200/23-25(a) (West 2006).  We need not decide, however, what it means to "seek a judicial determination as to tax exempt status *** as provided in" those three sections cited in the concluding "except" clause of subsection (a), for, as we shall see, subsection (e) (subject to certain conditions) removes any limitation whatsoever imposed by the two "except" clauses, regardless of what the exact nature of that limitation might be.  But we know that part of the limitation in subsection (a), which subsection (e) conditionally removes, is being constrained to proceed in accordance with the Administrative Review Law.

Subsection (e) of section 23-25 reads as follows:

"(e) The limitation in this [s]ection shall not apply to

court proceedings to establish an exemption for any specific assessment year, provided that the plaintiff or its predecessor in interest in the property has established an exemption for any subsequent or prior assessment year on grounds comparable to those alleged in the court proceedings. For purposes of this subsection, the exemption for a subsequent or prior year must have been determined under [s]ection 8-35 [(35 ILCS 200/8-35 (West 2006))] or a prior similar law by the Department or a predecessor agency, or under [s]ection 8-40 [(35 ILCS 200/8-40 (West 2006))]. Court proceedings permitted by this subsection may be initiated while proceedings for the subsequent or prior year under [s]ection 16-70, 16-130, 8-35, or 8-40 [(35 ILCS 200/16-70, 16-130, 8-35, 8-40 (West 2006))] are still pending, but judgment shall not be entered until the proceedings under [s]ection 8-35 or 8-40 [(35 ILCS 200/8-35, 8-40 (West 2006))] have terminated." 35 ILCS 200/23-25(e) (West 2006).

Our discussion of subsection (e) will follow the same pattern as our discussion of subsection (a): we will provide a brief introduction to the cross-references in subsection (e), and then, armed with that introduction, we will return to subsection (e).

We already have mentioned section 8-35 (35 ILCS 200/8-35 (West 2006)).  Subsection (b) (35 ILCS 200/8-35(b) (West 2006)) describes the procedures for administratively appealing the Department's decision on an application for exemption of property from taxation.

We also have encountered section 8-40 (35 ILCS 200/8-40 (West 2006)).  It makes the Administrative Review Law applicable to all final administrative decisions of the Department in administering the Code, including final decisions on exemptions.

Section 16-70 provides that "[t]he board of review shall hear and determine the application of any person who is assessed on property claimed to be exempt from taxation.  However, the decision of the board shall not be final, except as to homestead exemptions[]" (see 35 ILCS 200/15-167 through 15-177 (West 2008)).  35 ILCS 200/16-70 (West 2006).  If the case involves an exemption other than a homestead exemption, the clerk of the board of review shall forward to the Department a statement of all the facts in the case, and the Department shall determine whether the property is exempt--effectively, the board's decision is merely a recommendation to the Department.  35 ILCS 200/16-70 (West 2006).  The Department's decision is subject to review under sections 8-35 and 8-40 (35 ILCS 200/8-35, 8-40 (West 2006)).  35 ILCS 200/16-70 (West 2006).  "The extension of taxes on any assessment shall not be delayed by any proceedings under this [s]ection, and if the Department rules that the property is exempt, any taxes extended upon the unauthorized assessment shall be abated or, if paid, shall be refunded."  35 ILCS 200/16-70 (West 2006).

Section 16-130 (35 ILCS 200/16-130 (West 2006)) is analogous to section

16-70 (35 ILCS 200/16-70 (West 2006)) except it applies to Cook County. "Whenever the board of appeals (until the first Monday in December 1998 and the board of review beginning the first Monday in December 1998 and thereafter) in any county with [3 million] or more inhabitants determines that any property is or is not exempt from taxation, the decision of the board shall not be final, except as to homestead exemptions." 35 ILCS 200/16-130 (West 2006). The Department shall make the final decision, which is appealable within the Department and then reviewable in circuit court pursuant to the Administrative Review Law. In the meantime, the extension of taxes will not be delayed, but they will be abated and refunded if the Department decides the property is exempt. 35 ILCS 200/16-130 (West 2006).

Those are the cross-references in subsection (e) of section 23-25 (35 ILCS 200/23-25(e) (West 2006)). We now return to subsection (e) itself. Again, it provides as follows:

"(e) The limitation in this [s]ection shall not apply to court proceedings to establish an exemption for any specific assessment year, provided that the plaintiff or its predecessor in interest in the property has established an exemption for any subsequent or prior assessment year on grounds comparable to those alleged in the court proceedings. For purposes of this subsection, the exemption for a subsequent or prior year must have been determined under [s]ection 8-35 [(Department's procedures for deciding exemptions)]

- 13 -

or a prior similar law by the Department or a predecessor agency, or under [s]ection 8-40 [(applicability of the Administrative Review Law)]. Court proceedings permitted by this subsection may be initiated while proceedings for the subsequent or prior year under [s]ection 16-70 [(initial decision by the board of review on an application for exemption and final decision by the Department)], 16-130 [(same, except in Cook County)], 8-35, or 8-40 are still pending, but judgment shall not be entered until the proceedings under [s]ection 8-35 or 8-40 have terminated." 35 ILCS 200/23-25(e) (West 2006).

"The limitations in this [s]ection" refers to the limitation that subsection (a) (35 ILCS 200/23-25(a) (West 2006)) imposes. The limitation is this: being unable to seek a judicial exemption as to tax status except in the manner stipulated by section 8-40 (35 ILCS 200/8-40 (West 2006) (Administrative Review Law)) and except in the manner stipulated by the other sections of the Code that subsection (a) references. Subsection (e) makes that limitation inapplicable to "court proceedings to establish an exemption for any specific assessment year, provided that the plaintiff or its predecessor in interest in the property has established an exemption for any subsequent or prior assessment year on grounds comparable to those alleged in the court proceedings." 35 ILCS 200/23-25(e) (West 2006). The next sentence of subsection (e) specifies how such an exemption on comparable grounds had to be "established": "the exemption for

a subsequent or prior year must have been determined under [s]ection 8-35 [(35 ILCS 200/8-35 (West 2006) (decision-making process within the Department))] or a prior similar law by the Department or a predecessor agency, or under [s]ection 8-40 [(35 ILCS 200/8-40 (West 2006) (applicability of Administrative Review Law))]."  35 ILCS 200/23-25(e) (West 2006).  The final sentence of subsection (e) provides that the court proceedings permitted by subsection (e) may be initiated even though administrative or judicial proceedings for establishing the exemption on comparable grounds are still pending; but "judgment shall not be entered until the proceedings under [s]ection 8-35 or 8-40 have terminated."  35 ILCS 200/23-25(e) (West 2006).

In light of our foregoing explication of subsections (a) and (e) of section 23-25 (35 ILCS 200/23-25(a), (e) (West 2006)), we now will address the first certified question.  Question No. 1(a) asks whether the term "court proceedings to establish an exemption," in subsection (e), refers to "a cause of action, not otherwise specifically provided for by the *** Code, to establish a tax exemption for a specific assessment year for property determined to have been exempt, on comparable grounds, for a prior or subsequent year."

The answer is yes.  When we interpret a statute, our goal is to give effect to the legislature's intent, and the best evidence of that intent is the language the legislature used in the statute.  People ex rel. Devine v. Sharkey, 221 Ill. 2d 613, 617, 852 N.E.2d 804, 806-07 (2006).  Unless the statute provides special definitions, we give words their common definitions.  Sharkey, 221 Ill. 2d at 617, 852 N.E.2d at 807; Wahlman v. C. Becker Milling Co., 279 Ill. 612, 622, 117 N.E. 140, 144 (1917).  " '[W]e

give [statutory] language its ordinary meaning, for we start with the presumption that the legislature meant what it said.' " People v. Hickman, 163 Ill. 2d 250, 262, 644 N.E.2d 1147, 1153 (1994) (overruled on other grounds by People v. Sharpe, 216 Ill. 2d 481, 519, 839 N.E.2d 492, 515-16 (2005)), quoting People v. Moore, 69 Ill. 2d 520, 524, 372 N.E.2d 666, 668 (1978). We also keep in mind the context of the words. Sharkey, 221 Ill. 2d at 617, 852 N.E.2d at 807. Subsection (e) does not specially define the term "court proceedings to establish an exemption." It does not say the term means only court proceedings pursuant to section 8-40, 21-175, 23-10 (35 ILCS 200/8-40, 21-175, 23-10 (West 2006)), or any other section of the Code. The context would not appear to so restrict the meaning, for in addition to speaking of "an objection as provided in [s]ection 21-175 or [s]ection 23-10," subsection (a) speaks of "otherwise seek[ing] a judicial determination as to tax exempt status." 35 ILCS 200/23-25(a) (West 2006). Therefore, we presume that "court proceedings to establish an exemption" is not a term of art. "[A] cause of action, not otherwise specifically provided for by the *** Code, to establish a tax exemption" is, on a purely linguistic level, a "court proceeding[] to establish an exemption." Ergo, the term "court proceedings to establish an exemption" includes "a cause of action, not otherwise specifically provided for by the *** Code, to establish a tax exemption for a specific assessment year for property determined to have been exempt, on comparable grounds, for a prior or subsequent year."

Subsection (e) of section 23-25 (35 ILCS 200/23-25(e) (West 2006)) does not purport to create a new cause of action out of whole cloth. It merely lifts the limitation that subsection (a) (35 ILCS 200/23-25(a) (West 2006)) imposes (or, more

- 16 -

precisely, lifts the limitation if the conditions in subsection (e) are fulfilled). The "cause of action, not otherwise specifically provided for by the \*\*\* Code" must exist in the law.

Common law recognizes, for example, a cause of action to enjoin the taxation of property that is legally exempt from taxation. The supreme court held in, Owens-Illinois Glass Co. v. McKibbin, 385 Ill. 245, 256, 52 N.E.2d 177, 182 (1943), that "where a tax is unauthorized by law, or where it is levied upon property exempt from taxation, equity will take jurisdiction and enjoin the collection of the tax." See also Inolex Corp. v. Rosewell, 72 Ill. 2d 198, 201, 380 N.E.2d 775, 776 (1978); Snow v. Dixon, 66 Ill. 2d 443, 452, 362 N.E.2d 1052, 1056 (1977).

In Illinois Bell Telephone Co. v. Allphin, 60 Ill. 2d 350, 359, 326 N.E.2d 737, 742 (1975), the supreme court modified the rule in Owens by holding that "as to those situations covered by the Administrative Review [Law], the Owens exceptions are no longer applicable." Therefore, under Allphin, if a taxpayer could contest the denial of an exemption by litigating under the Administrative Review Law, the taxpayer had to take that route rather than petition for an injunction; the supreme court concluded that "the anomaly of allowing the taxpayer to seek judicial relief in equity 'even though his administrative remedy might accomplish the same result \*\*\* ought not \*\*\* to persist.' " Christian Action Ministry v. Department of Local Government Affairs, 74 Ill. 2d 51, 60, 383 N.E.2d 958, 963 (1978), quoting Allphin, 60 Ill. 2d at 359, 326 N.E.2d at 742.

Section 23-25(e) (35 ILCS 200/23-25(e) (West 2006)) statutorily over-rules Allphin by lifting the limitation, in subsection (a) (35 ILCS 200/23-25(a) (West 2006)), whereby anyone seeking a judicial determination as to tax exempt status must

do so "as provided in [s]ection 8-40" (35 ILCS 200/8-40 (West 2006) (applicability of Administrative Review Law)). "Effectively, [subsection (e), added to section 23-25 by section 5 of Public Act 90-679 (Pub. Act 90-679, §5, eff. July 31, 1998 (1998 Ill. Laws 3525)),] revives the traditional suit in equity for injunction as one of the primary means of establishing a claim for exemption, provided that the Department *** (or a court on review) has acted favorably on a comparable claim for any other year." M. Davis & E. Gracie, Taxable & Exempt Property, in Real Estate Taxation §1.108, at 1-112 (Ill. Inst. for Cont. Legal Educ. 2008).

### 2. Certified Question No. 1(b)

Certified question No. 1(b) is as follows: "Does the term 'court proceedings to establish an exemption[],' in [section] 23-25(e) of the *** Code [35 ILCS 200/23-25(e) (West 2006)),] refer to *** proceedings following the filing of a tax objection complaint pursuant to [section] 23-10 of the *** Code [(35 ILCS 200/23-10 (West 2006))] in order to preserve defenses to the entry of judgment against properties in the delinquent list under [section] 21-175 of the *** Code [(35 ILCS 200/21-175 (West 2006))]][?]"

The record does not appear to suggest that the county collector has in fact applied for a judgment and order of sale against the four parcels for which the Foundation seeks an exemption. The Foundation represents that it has fully paid the taxes on those parcels (thus its request for a refund). Our answer to question No. 1(b) would be merely advisory. Therefore, we decline to answer that question. See Dowd & Dowd, Ltd. v. Gleason, 181 Ill. 2d 460, 469-70, 693 N.E.2d 358, 364 (1998); Barth v. Reagan,

- 18 -

139 Ill. 2d 399, 419, 564 N.E.2d 1196, 1205-06 (1990); In re Rose Lee Ann L., 307 Ill. App. 3d 907, 912, 718 N.E.2d 623, 627 (1999).

### 3. Certified Question No. 1(c)

Question No. 1(c) is as follows: "Does the term 'court proceedings to establish an exemption[,]' in [section] 23-25(e) of the *** Code [(35 ILCS 200/23-25(e) (West 2006)),] refer to *** proceedings to delay payment of property taxes during the pendency of administrative proceedings to contest a party's eligibility for a property tax exemption[?]"

It does not appear that the Foundation has initiated proceedings to delay payment of property taxes. Therefore, our answer to certified question No. 1(c) likewise would be advisory, and we decline to answer that question.

### 4. Certified Question No. 1(d)

Question No. 1(d) is as follows: "Does the term 'court proceedings to establish an exemption[,]' in [section] 23-25(e) of the *** Code [(35 ILCS 200/23-25(e) (West 2006)),] refer to *** some other category of proceedings?"

This question appears to be, essentially, a repetition of question No. 1(a), which we have answered. We decline to answer question No. 1(d), because it is moot. See Santiago v. Kusper, 133 Ill. 2d 318, 330, 549 N.E.2d 1251, 1257 (1990).

### B. Certified Question No. 2

Question No. 2 is as follows: "If the term 'court proceedings to establish an exemption[,]' in [section] 23-25(e) of the *** Code [(35 ILCS 200/23-25(e) (West 2006)),] includes a cause of action not otherwise specifically provided for by the ***

Code, as set forth in [certified] [q]uestion [No.] 1(a), may a party seek relief through such proceedings for a given tax year once it has sought a hearing in the Department *** pursuant to [section] 8-35 of the *** Code [(35 ILCS 200/8-35 (West 2006))] for the same year?"

The answer is no. If the taxpayer initially invokes an administrative remedy, that remedy is exclusive. Owens, 385 Ill. at 256, 52 N.E.2d at 182; Oasis, Midwest Center for Human Potential v. Rosewell, 55 Ill. App. 3d 851, 859, 370 N.E.2d 1124, 1130 (1977); M. Davis & E. Gracie, Taxable & Exempt Property, in Real Estate Taxation §1.117, at 1-122 to 1-123 (Ill. Inst. for Cont. Legal Educ. 2008). The supreme court has held:

> "[W]here an application for relief is made before the board of review, in pursuance of the statutory remedy, then that remedy becomes exclusive when the board denies the application. The party 'can[]not then, after an adverse decision, go into chancery for relief ***. Having selected his forum[]--one which affords a completely adequate remedy[]--he must adhere to it. *** If the party elect[s] the remedy provided by this section, he will not be allowed to abandon it and then go into equity, but he may go into equity in the first instance, and have relief. *** The [statutory] remedy is adequate, and when that forum is selected and its decision invoked, it becomes exclusive.' " Illinois Institute of Tech-

nology v. Skinner, 49 Ill. 2d 59, 62-63, 273 N.E.2d 371, 374 (1971), quoting Illinois Central R.R. Co. v. Hodges, 113 Ill. 323, 326 (1885).

Again, the only limitation that subsection (e) of section 23-25 (35 ILCS 200/23-25(e) (West 2006)) removes is the limitation expressed in subsection (a) (35 ILCS 200/23-25(a) (West 2006)).  Because subsection (a) says nothing about the doctrine of election of remedies, that doctrine is not one of the limitations that subsection (e) removes.  Skinner and Oasis were in existence when the legislature drafted section 23-25(e).  " 'Where statutes are enacted after judicial opinions are published, it must be presumed that the legislature acted with knowledge of the prevailing case law.' " Burrell v. Southern Truss, 176 Ill. 2d 171, 176, 679 N.E.2d 1230, 1233 (1997), quoting Hickman, 163 Ill. 2d at 262, 644 N.E.2d at 1153.  If the legislature had intended to make an exception to the doctrine of election of remedies, it easily could have said so, but it did not say so, and therefore we presume it had no such intention.  "It is a general rule[,] in the construction of statutes, that they are not to be presumed to alter the common law further than they expressly declare.  Statutes are to be construed in reference to the principles of the common law; and it is not to be presumed[] that the legislature intends to make any innovation upon the common law further than the case ab[s]olutely requires."  Mackin v. Haven, 187 Ill. 480, 493, 58 N.E. 448, 452 (1900).

The Foundation argues that if we find the doctrine of election of remedies to be applicable to the situation described by certified question No. 2, we should hold, for purposes of the present case, that the doctrine has only a prospective application,

- 21 -

considering that no reported decision has ever interpreted section 23-25(e). We so hold.

In Board of Commissioners of the Wood Dale Public Library District v. County of Du Page, 103 Ill. 2d 422, 426-27, 469 N.E.2d 1370, 1372 (1984), the Supreme Court of Illinois adopted the three factors in Chevron Oil Co. v. Huson, 404 U.S. 97, 106-07, 30 L. Ed. 2d 296, 306, 92 S. Ct. 349, 355 (1971), for determining when a decision in a civil case should be applied prospectively only. Those factors are as follows:

"'First, the decision to be applied nonretroactively must establish a new principle of law, either by overruling clear past precedent on which litigants may have relied [citation], or by deciding an issue of first impression whose resolution was not clearly foreshadowed [citation]. Second, it has been stressed that "we must *** weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retro-spective operation will further or retard its operation." Linkletter v. Walker[, 381 U.S. 618, 629, 14 L. Ed. 2d 601, 608, 85 S. Ct. 1731, 1738 (1965)]. Finally, we have weighed the inequity imposed by retroactive application, for "[w]here a decision of this Court could produce substantial inequita-ble results if applied retroactively, there is ample basis in our cases for avoiding the 'injustice or hardship' by a holding of

- 22 -

nonretroactivity." [Citation.]'" <u>Wood Dale Public Library District</u>, 103 Ill. 2d at 426-27, 469 N.E.2d at 1372, quoting <u>Chevron Oil</u>, 404 U.S. at 106-07, 30 L. Ed. 2d at 306, 92 S. Ct. at 355.

No reported decision has ever interpreted sections 23-25(a) and (e) (35 ILCS 200/23-25(a), (e) (West 2006)). Our decision follows a "'previously uncharted course.'" <u>Wood Dale Public Library District</u>, 103 Ill. 2d at 429, 469 N.E.2d at 1373, quoting <u>In re Petition of Negron</u>, 33 Ill. App. 3d 112, 116, 337 N.E.2d 375, 378 (1975). The very purpose of sections 23-25(a) and (e) is to enable a taxpayer to avoid the administrative process if the conditions in subsection (e) are met. Holding that the Foundation has irrevocably elected its administrative remedy would defeat that purpose. Making our decision on the continued applicability of the doctrine of election of remedies retroactive would be unfair to the Foundation because, given the uncertainty in the law, the Foundation felt obliged to initiate the administrative proceedings so as to avoid a determination that it had failed to exhaust administrative remedies. We hold that sections 23-25(a) and (e) leave the doctrine of election of remedies intact, but we give this holding only a prospective application.

### III. CONCLUSION

For the foregoing reasons, we answer yes to certified question No. 1(a); we decline to answer certified question Nos. 1(b), (c), and (d); and we answer no to question No. 2. We remand this case for further proceedings.

Certified question Nos. 1(a) and 2 answered; certified question Nos. 1(b),

- 23 -

(c), and (d) not answered; cause remanded.

TURNER and POPE, JJ., concur.